Eder, J.
Proceeding under article 78 of the Civil Practice Act. The petitioner contends that on August 8, 1938, he was duly promoted by the president of the borough of Queens, in accordance with certification by the municipal civil service commission, from his position of motor grader operator to the position of foreman, grade 2, in the Queens bureau of highways, at a salary of $1,760 per annum; he further alleges, upon information and belief, that the then established salary for said position of foreman, grade 2, was $1,800 to $2,400 per annum. He also alleges that he accepted said promotion at the salary of $1,760 per annum ($40 below the minimum established for the position of foreman, grade 2) because he was informed and believed that the salary for the position had been temporarily reduced as an economy measure because of the then allegedly difficult financial situation of the City of New York.
Petitioner further alleges that from the time of his said promotion on August 8,1938, and up to the present time he has continued to perform the duties of foreman, grade 2, but that sometime in 1940, or later, the commission revised its records to show that his status was that of foreman, grade 1, instead of foreman, grade 2, and asserts that such reduction in his official record status from grade 2 to grade 1 was arbitrary, capricious, unwarranted and unlawful.
Petitioner further alleges that he has not received the compensation that he is entitled to and that at the time of receiving payment he signed the payrolls under protest. He acknowledges that by reason of the Statute of Limitations he is barred from recovering salary arrears which accrued prior to November 1, 1942, but claims to be entitled to salary arrears up to September 30, 1948, in the sum of $930.
The petitioner seeks an order (1) directing the commission to correct its records to show that since August 8,1938, petitioner’s status has been that of foreman, grade 2, in the Queens bureau of highways; (2) directing the board of estimate and the budget director to change the budget for the fiscal year 1948-1949, so as to provide for payment to him of said sum of $930, and (3), directing appropriate action be taken to adjust petitioner’s salary in his position of foreman as of October 1, 1948, from $2,830 per annum to $3,310 per annum.
*1056 The answer of the defendants alleges that on July 26, 1938, the commission, in response to a requisition from the president of the borough of Queens for certification of names for five positions as foreman in the bureau of highways at $1,760 per annum, certified the petitioner and others to the position of foreman, grade 1, at $1,760 per annum but that in said certification the position was erroneously referred to as foreman, grade 2, but that the salary of $1,760 named in the certification fixed the position as foreman, grade 1.
The answer sets up three separate defenses.
The first defense pleads that the proceeding herein is barred by the four months’ Statute of Limitations, section 1286 of the Civil Practice Act, requiring that a proceeding under article 78 must be instituted within four months after the determination to be reviewed became final and binding, and that this proceeding was not commenced within such period., .
The second defense pleads that the petitioner has been guilty of gross and inexcusable loches in instituting this proceeding, in having failed for a period of over ten years to institute any proceeding to determine his rights.
The third defense pleads that petitioner’s certification was in fact to the position of foreman, grade 1, but through error the certification referred to the position as that of foreman, grade 2,. and that ever since August 8, 1938, the date of petitioner’s promotion, he has always been carried on the records as foreman, grade 1, indicated by his roster record and his payroll card.
I do not think the first and second defenses are tenable. If the promotion of petitioner were in fact and in law a promotion to foreman, grade 2, a valid, legal elevation, he was entitled to have his status officially so recorded, and to the compensation which that position and grade enjoyed and respondents were- under a continuing duty to pay the compensation at the rate lawfully fixed and the four months’ limitation set up as a bar by section 1286 of the Civil Practice Act does not run against petitioner until four months have elapsed after the refusal of defendants to perform their duty upon demand of the petitioner (Matter of Benvenga v. La Guardia, 182 Misc. 507, affd. 268 App. Div. 566, affd. 294 N. Y. 526). I regard the petition as timely filed.
As to the defense of gross loches, I do not think it should be held to bar consideration of the matter upon the merits. It may, perhaps, have its effect to bar recovery of compensation insofar as the six years’ period of the Statute of Limitations- is concerned, but as to a determination relating to official status it is my view that it is best that this question be determined upon the merits.
*1057 Authorized regulations and rules prescribed by the commission have the force and effect of law (Civil Service Law, § 6, subd. 1). Paragraph (a) of subdivision 4 of section I of rule V of the rules of the commission provides that: “ The compensation of a position shall determine the grade of such position.”
Petitioner was appointed to his present position on August 8, 1938, with a salary of $1,760 per annum — a salary for foreman, grade 1 — and from that date up to the present time he has been paid only the grade 1 salary and has always been carried on the records as a grade 1 foreman with a grade 1 salary.
The courts have recognized the rules of the commission to the effect that the grade of a position is determined by the salary attaching to the position (Matter of Beggs v. Kern, 284 N. Y. 504, 512; People ex rel. Perrine v. Connolly, 217 N. Y. 570, 576; Matter of Ryan v. Kaplan, 213 App. Div. 131, affd. 240 N. Y. 690). In the light of this recognition, it seems clear that the petitioner’s status is that of a foreman, grade 1, unless the mistake in the notification to him that he was being appointed as foreman, grade 2, has the legal effect of making him a foreman, grade 2.
Petitioner cites no case which has held that a certification, mistakenly made, as here in concern, has the effect of constituting a valid certification and is not subject to correction to conform to the actual fact.
The mere fact that a mistake has been made does not prevent correction, nor render nugatory the rules of the commission determining the grade of the position.
The compensation of a position determines the grade of such position and it cannot result from error or mistake.
It follows, therefore, that petitioner was never promoted to and has never held the position of foreman, grade 2. Moreover, it further appears that no budgetary provision for petitioner’s promotion to the position of foreman, grade 2, was ever authorized, but only for five foremen at $1,760 per annum, in other words, foreman, grade 1.
In Matter of Ross v. La Guardia (287 N. Y. 28, 33) it is pointed out that it is for the municipal civil service commission, in accordance with law and duly promulgated civil service rules, to determine which persons are eligible for appointment to a position of a given rank and grade, and that the rights of a civil service employee to a given position “are dependent upon the existence of the position and an appropriation of salary therefor.”
*1058 Thus, until the bureau of budget authorized the position and the salary of foreman, grade 2, there could be no appointment to that position, and the record discloses that there was no budgetary appropriation for grade 2 foremen at the time of petitioner’s appointment, and he was, therefore, not appointed and could not be appointed to that position.
For the reasons stated the application is denied and the petition is dismissed. Settle order.