MOLLY LEITNER, Petitioner, *v.* J. EDWARD CONWAY et al., as Members of the New York State Civil Service Commission, et al., Respondents.

Supreme Court, Special Term, New York County, June 17, 1949.

*Nathan J. Stein* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Samuel A. Hirshowitz* of counsel), for respondents.

Levy, J. Petitioner moves pursuant to article 78 of the Civil Practice Act against the New York State Civil Service Commission and the Superintendent of Public Works requiring her certification to proper authorities as senior stenographer, Grade G-6; her appointment from the civil service promotion list to such position; certification on the payroll from April 1, 1947, for balance of salary due her for performance of services in such position, and the certification of the current payroll. She has been in the civil service as a stenographer for more than fifteen years and is now in the Department of Public Works, Division of Operation and Maintenance in New York City as stenographer, G-2. Petitioner claims to have been performing the duties of senior stenographer for a period of more than five years. Her present annual salary is $2,200. On a promotion examination for senior stenographer taken February 15, 1947, she was granted 88.49, and again on an examination taken September 18, 1948, she received the highest grade of 89.956, and was placed second on the eligible list and as she claims skipped for appointment without cause or reason. Her work has been scaled at 90. She was classified, upon her request, by the Department of Civil Service as senior stenographer and change in title recommended, and she was recommended by her superior for certification as senior stenographer. In these numerous attempts she has been continuously frustrated and as a result she claims that the legislative policy of equal pay for equal work has been violated.

Respondents admit performance of duties outside the position of stenographer Grade G-2 and within the position of senior stenographer, Grade G-6, and allege an appointment of petitioner

to the position of senior stenographer in Albany which she declined. Respondents further allege in their answer:

" Sixth: Admit that petitioner's position has not been reclassified to that of Senior Stenographer and, consequently, that she cannot be promoted to a position of Senior Stenographer in the New York City office of respondent Superintendent of Public Works at No. 80 Centre Street, Borough of Manhattan, City and County of New York, since such position does not exist under the law at said office of such respondent; and deny each and every allegation of paragraph marked ' 33 ' of the petition except as herein admitted."

" Eighth: admit that respondents have failed to pay or cause to be paid to petitioner any salary other than that lawfully assigned to the position of Stenographer occupied by petitioner and that they have failed to promote her to any position of Senior Stenographer in the New York City office of respondent Superintendent of Public Works, aforesaid, there being no such existing position at said office to which she could be appointed even if such respondent Superintendent of Public Works did so promote her and petitioner having refused to accept appointment to any such vacant position except in the City of New York; and deny each and every allegation in paragraph marked ' 35 ' of the petition except as herein admitted."

A letter dated June 13, 1947, postmarked June 16, 1947, was received by petitioner on June 17, 1947. It requested her to report for work in the Albany office on June 16, 1947, as a senior stenographer at an annual salary of $2,280. This was declined by petitioner for reasons appearing quite adequate and she requested appointment in New York City. Thereafter the Classification Division of the Department of Civil Service again on February 18, 1948, recommended to the Director of the Budget reclassification as senior stenographer. The qualifications and requirements for the position of senior stenographer and the duties actually being performed by the petitioner are fully set forth in this submission and are not denied by the respondents.

Upon the basis of this recital it is beyond all doubt that petitioner is performing the duties of senior stenographer, Grade G-6, has been considered eligible for such classification, has been granted recognition of right of claim to such appointment by the offer of such appointment. It was made, however, in such manner as to arouse suspicion that improper reason or motive exists to deprive petitioner of her due and that after sixteen years of the highest quality of service to which she has brought the

highest qualifications, her unceasing insistence upon justice and the increasing difficulty of its postponement produced a subterfuge.

Petitioner's application is supported by the affidavit made March 1, 1949, of the Superintendent in the State Office Building in New York City which states that petitioner has in fact performed duties of a principal stenographer which is a grade higher than senior stenographer. He had recommended change in title as early as October, 1947. To this respondents reply only that the affiant retired from his position on February 28, 1949. They say further that the position of senior stenographer does not exist in New York City in the department in which petitioner is employed.

It is difficult to comprehend that any reasonable basis for such discrimination, whether it be general or specific, can be considered to exist between Albany and New York. Indeed the then Superintendent of Public Works stated on April 30, 1945: "Under date of August 19, 1944 and upon the reorganization of the Department pursuant to Chapter 404 of the Laws of 1944, I directed the creation of promotion units and as a result thereof the offices of the Division of Operation and Maintenance in the State Office Buildings in New York, Albany and Buffalo *are deemed to be part of the Main Office unit.*"

Petitioner states that she was for unexplained reasons prohibited from taking a promotion examination in 1945, but did take and pass the 1947 and 1948 promotion examinations with apparent distinction, indeed receiving in 1948 "the highest rating and passing grade ". The letter of April 30, 1945, states further that the position of senior stenographer will be available in several district offices. Notice of promotion examination dated April 28, 1948, was issued for senior stenographer Main Office Albany, Buffalo and New York, entrance salary $2,040 plus cost of living bonus of $306. Significant too is the fact that the Building Superintendent in the Division of Operation and Maintenance in the Department of Public Works in the city of New York, enjoys a higher salary than the Superintendent in Albany, and furthermore the senior stenographer in the office of the Superintendent in Albany enjoys a salary of $2,640, whereas petitioner in a comparable or more responsible position today earns but $2,200. Moreover the recommendation of the Classification Division of the Department of Civil Service of February 18, 1948, to the Director of the Budget to classify petitioner as senior stenographer would seem a complete answer to the conten-

tion that such position does not exist in the Division of Operation and Maintenance in New York City. If respondents are correct in their position and have been acting correctly in fairness and equity with equality in appoinments and promotions made, it is indeed strange that after this application was instituted, and after petitioner's qualifications and service have been so signally attested, she should have been requested by the Senior Administrative Assistant of the Division of Operation and Maintenance to submit to him a statement of duties performed by her. This statement was submitted by petitioner on February 23, 1949, but no action was taken at least by March 31, 1949.

It is utterly clear that the legislative pledge of equal pay for equal work is being violated needlessly and without comprehensible reason, and this effort to attain equality and justice has met with denial without a sound reason or explanation whatever. It seems to the court that there is here more than meets the eye, and it is its opinion that petitioner merits the relief sought.

It is with utmost reluctance that the bar of section 47 of the Civil Service Law is reached. The position of senior stenographer, Grade G-6, in the New York City Office exists *de facto;* the petitioner performs the duties of that position. It does not, however, have a *de jure* existence in that the Director of the Budget who is not a party to this proceeding has neither approved such classification for the petitioner or the position held by her, nor approved any budgetary appropriation for the position held by her at the grade of senior stenographer, Grade G-6. This failure prevents favorable action on this application. Despite the fact that the salary presently received by petitioner is the maximum of $2,200 for Grade G-2, and the minimum for Grade G-6 is $2,040, and reclassification would entail no immediate increase in appropriation, yet reclassification may not be directed where it has not been approved by the director, and he is not made a party to the proceeding. For the reasons stated, therefore, the motion must be denied.