In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Petitioners, against T. NORMAN HURD, as Director of the Budget of the State of New York, Respondent.

Supreme Court, Special Term, Rensselaer County, March 10, 1952.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *John C. Crary, Jr.*), for respondent.

*De Graff, Foy, Conway & Holt-Harris* for petitioners.

HAMM, J. This is a motion to dismiss a proceeding under article 78 of the Civil Practice Act. The proceeding itself is to compel the Director of the Budget to approve a determination reallocating the individual petitioner's position from Grade G-8 to Grade G-9. The determination was made by the Director of

Classification and Compensation in May, 1950. On March 31, 1951, the Budget Director disapproved the determination. The petitioner, a carpenter, applies on behalf of himself and other mechanics similarly affected.

Subdivision 1 of section 39-a of the Civil Service Law provides: " 1. Effective date of classification and allocation. Any classification or reclassification of a position and any allocation or reallocation of a position to a salary grade made by the director of the classification and compensation division or the classification and compensation appeals board pursuant to the provisions of this article *shall become effective on the first day of the fiscal year following approval by the director of the budget and the appropriation of funds therefor,* except that the director of the budget may, in his discretion, authorize an effective date prior to the first day of the ensuing fiscal year." (Emphasis supplied.) In disapproving the determination of the Director of Classification and Compensation the Budget Director relies on the emphasized portion of the subdivision quoted.

It is contended (1) that the action of the Budget Director is judicially unreviewable and (2) that the petitioner fails to plead facts raising any issue as to the propriety of the Budget Director's action.

There seem to have been only three prior proceedings in which consideration has been given to the powers of the Budget Director under section 39-a of the Civil Service Law.

In *Leitner* v. *Conway* (195 Misc. 621) Mr. Justice LEVY said at page 625: " It is with utmost reluctance that the bar of section 47 of the Civil Service Law is reached. The position of senior stenographer, Grade G-6, in the New York City Office exists *de facto*; the petitioner performs the duties of that position. It does not, however, have a *de jure* existence in that the Director of the Budget *who is not a party to this proceeding* has neither approved such classification for the petitioner or the position held by her, nor approved any budgetary appropriation for the position held by her at the grade of senior stenographer, Grade G-6. This failure prevents favorable action on this application. Despite the fact that the salary presently received by petitioner is the maximum of $2,200 for Grade G-2, and the minimum for Grade G-6 is $2,040, and reclassification would entail no immediate increase in appropriation, yet reclassification may not be directed where it has not been approved by the director, *and he is not made a party to the proceeding.* For the reasons stated, therefore, the motion must be denied." (Emphasis supplied.)

In the New York Law Journal of January 7, 1952, at page 65, column 2, appears the following:

"By Mr. Justice O'Brien. Leitner v. Conway — Motion is denied. It appears that the failure of the budget director to approve the reclassification is not reviewable subject (Ottinger v. State Civil Service, 240 N. Y., 435, et al.). In any event it is not denied that the petitioner's name does not appear on the existing promotional eligible list."

The following is the memorandum opinion of the Appellate Division, Third Judicial Department, in *Matter of Cook* v. *Burton* (276 App. Div 808): " Appeal from an order of the Supreme Court, Special Term, Albany County, which dismissed, on the merits, the petition in a proceeding under article 78 of the Civil Practice Act. The proceeding sought mandatory relief against the respondent, as Director of the Budget, ordering him to refrain ' from further illegal disapproval ' of a reclassification of the civil service position of motor vehicle operator to that of chauffeur. The State Classification Board recommended the reclassification but the Director of the Budget disapproved the recommendation on the ground that in his opinion the title of motor vehicle operator was a proper one to describe the duties of certain employees. Under the statute the board had the power to recommend the reclassification but the same could become effective only after approval by the Director of the Budget. (Civil Service Law, § 47, now § 39-a.) The power to approve includes the power to disapprove. *There is nothing in this case to indicate that the disapproval was arbitrary or capricious.* The court cannot override the judgment of the director. Order unanimously affirmed, without costs." (Emphasis again supplied.)

In the first *Leitner* case it is obvious that the action of the Budget Director was not reviewable because he was not a party to the proceeding. In the second *Leitner* case reference is made to *Matter of Ottinger* v. *Civil Service Comm.* (240 N. Y. 435) which merely held that the Civil Service Commission could not be compelled to follow the mandate of an unconstitutional statute and moreover the failure of the petitioner's name to appear on an existing promotional list of eligible persons was ample reason for the denial.

In the *Cook* case the Budget Director did not move to dismiss but answered and gave his reasons for disapproval of the action of the State classification board. The court, in declining to substitute its judgment for that of the director, significantly stated

that there was nothing " to indicate that the disapproval was arbitrary or capricious." The inference seems clear that the court implied that it retained jurisdiction to declare his acts arbitrary or capricious when warranted by the record.

Nothing in the Civil Service Law or any other law exempts the acts of the Budget Director from review by the courts but, even where statutes have purported to exempt the determination of administrative offices from judicial review, jurisdiction to review such determinations has been reserved. Section 310 of the Education Law provides: " the commissioner of education may also institute such proceedings as are authorized under this article and *his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever.*" (Emphasis supplied.) Nonetheless, the rule was said in *Matter of Fabricius* v. *Graves* (254 App. Div. 19, 20) to be as follows: " Appellant is a teacher in the public school system of New York city. She was dissatisfied with certain ratings given her in a principal's report. She first appealed to the board of superintendents and then. to the State Commissioner of Education, in each instance unsuccessfully. She now seeks to review by certiorari this latter determination. Her petition alleges, together with certain facts which tend to support such statement, that the determination was arbitrary and we must assume that this is so. While section 890 [now 310] of the Education Law provides for appeals to the Commissioner of Education in certain matters relating to the school system and its administration and that his decision in such appeals shall be final and conclusive and not subject to question or review in any place or court whatsoever, the courts have never held that this prevents a judicial review of an arbitrary or unlawful act on his part. (See *Matter of Levitch* v. *Board of Education,* 243 N. Y. 373.) Only by the return can the exact nature of the Commissioner's decision be determined in this case."

And more recently in *Matter of Beam* v. *Wilson* (279 App. Div. 277), Mr. Justice Coon stated at page 280: " The Legislature has authorized the commissioner to hear and decide appeals and petitions in matters pertaining to school district meetings, and has provided that his decisions in such matters are final and conclusive and not subject to questions or review in any place or court whatever. (Education Law, § 310.) " and concluded: " It does not appear that the decision of the commissioner was in any way arbitrary or capricious."

It may be that the defendant's answer will create a situation in which the court will be prohibited from substituting its own judgment for that of the defendant but such a determination presently may not be made.

As to the sufficiency of the petition, paragraph 13 alleges:

" 13. The Director of the Budget gave no reasons for his disapproval of the determination of the Director of the Classification and Compensation Division, and his disapproval was arbitrary, capricious, unreasonable and without foundation in fact or law." and coupled with these allegations are the following factual allegations contained in paragraphs 9 and 10:

" 9. After careful consideration and after extended hearings, the director of the Classification and Compensation Division made a determination, on May 18, 1950, that the incumbents of all the titles listed in Paragraph 6 herein should be reallocated from Grade G-8 to Grade G-9. A copy of said determination is hereto annexed, marked Exhibit A.

" 10. The facts found by the Director of the Classification and Compensation Division in said determination required the reallocation of said positions from Grade G-8 to Grade G-9."

And in the petitioner's Exhibit A is the following finding of fact made by the director of classification and compensation: " In the area of employment under review, if there is to be ' equal pay for equal work', the principle upon which the state's compensation plan rests, the same rate of pay must be assigned to all skilled craftsmen in the journeyman classes and a like policy must apply to all employees in the foreman classes."

As this is a motion to dismiss the petition upon objections in point of law, all the allegations of fact in the petition and exhibits annexed are admitted for the purpose of the motion. (*Matter of Schwab* v. *McElligott*, 282 N. Y. 182; *Matter of Felice* v. *Swezey*, 278 App. Div. 958.)

" If the petition states any facts upon which the petitioner is entitled prima facie to the relief, then it may not be dismissed as being legally insufficient." (*Matter of Felice* v. *Swezey*, 278 App. Div. 958, *supra*.) It is alleged as a fact that " The facts found by the Director * * * required the reallocation of said positions from Grade G-8 to Grade G-9."

As to the individual petitioner suing on behalf of himself and all others similarly situated the motion is denied. The defendant may have fifteen days within which to answer after service of a copy of the order to be entered hereon with notice of entry and the petitioner may have fifteen days thereafter within which to reply.

The defendant also asks for a dismissal of the proceeding as to Civil Service Employees Association, Inc. on the ground that the corporate petitioner is joined improperly. Substantial discussion has been devoted to the capacity of the corporate petitioner to sue or be sued. That is not the issue here. In the second judicial department in a mandamus proceeding instituted by a membership corporation an order denying any application for an order of mandamus was unanimously affirmed " as a matter of law and not in the exercise of discretion." (*Matter of Civil Service War Veterans Protective Assn.* v. *Finegan,* 249 App. Div. 822.) The court said: " In our opinion, the petitioner has no status which warrants the granting of relief to it." (*Matter of Civil Service War Veterans Protective Assn.* v. *Finegan, supra.*) But the same court in *Associated Painting Employers of Brooklyn* v. *Kessler* (257 App. Div. 986) said: " In our opinion plaintiff had legal capacity to sue. (Civ. Prac. Act, § 210; *United Cloak & Suit Designers Mut. Aid Assn.* v. *Sigman,* 218 App. Div. 367) " and Mr. Justice BERGAN (*Matter of J. D. L. Corp.* v. *Bruckman,* 171 Misc. 3) in denying a domestic business corporation relief under article 78 of the Civil Practice Act in no manner implied that an incorporated association might not sue or be sued.

Joining the corporate petitioner in this proceeding is the question involved. The individual petitioner sues on behalf of himself and all others similarly situated. All of the questions may be determined and full relief may be accorded to all those affected without the association's intervention. So, without assuming the capacity of the association to join in this article 78 proceeding, there seems to be no sound reason, in the circumstances here presented, for permitting it to extend its interposition to the matters here in issue.

The motion as to the corporate petitioner is granted.

An order may be submitted on three days' notice.