Owen McGivern, J.
This is a proceeding under article 78 of the Civil Practice Act.
Petitioners are Supreme Court stenographers in the First Department and in Kings County of the Second District of the Second Department. Respondents are the members of the Board of Estimate of the City of New York and the Treasurer of the City of New York. Petitioners seek by this proceeding to obtain the higher pay to which they deem themselves entitled by statute, and all arrears thereof.
The petitioners’ claim is based in the first instance upon a 1961 statute, to wit, chapter 492 of the Laws of 1961 which provides for an increase as of May 4, 1961, in the compensation of ‘ ‘ all officers or employees of the judiciary ’ ’ by adding to the salary which each is “ otherwise entitled to receive ” an amount equal to the difference between the maximum salary for the grade provided for in subdivision 1 of section 130 of the Civil Service Law, in force April 30,1961, which maximum most nearly equals the compensation of such officer or employee on that date, and the maximum for the same grade as specified in subdivision 1 of section 130 in effect on May 1, 1961.
Petitioners also claim they are entitled to additional compensation pursuant to the provisions of section 115 of the Civil Service Law which provides that it is “ the policy of the state to provide equal pay for equal work ” and it is stated that the Supreme Court stenographers outside the first and second judicial districts perform identical services, have no greater qualifications, yet the Supreme Court stenographers outside the first and second judicial districts, including those in Queens County, have since April 1, 1956, received greater pay than stenographers of the same experience and ability within the first and second judicial districts. It is further stated that the highest salary now received by the petitioners is $11,500 a year, and in other districts the stenographers receive presently at least $13,118.80.
The respondents contend, inter alia, (1) that the members of the Board of Estimate are not proper parties to this proceeding; (2) that chapter 492 of the Laws of 1961 does not *53 apply within the counties composing the City of New York; and (3) that section 115 of the Civil Service Law is not applicable. And they further argue that the power to appoint and fix salaries is vested in the court under the provisions of section 306 of the Judiciary Law.
This court concedes that the latter is so, and yet the Legislature has granted the increases in question, the same Legislature which enacted chapter 492 as well as sections 306 and 315 of the Judiciary Law. Assuming that this honorable body knew what it was doing when it did it, then the appointing and salary fixing power of the Justices is no impediment to the increases sought by the petitioners herein if the legislative intent embraced them.
Indeed, as the petitioners urge, the only reference in chapter 492 to the Justices is that the increase “ may be withheld in whole or in part ” if “ in the opinion of the appointing authority ’ ’ the officer concerned ‘ ‘ does not warrant such increase ’ ’. Thus, in order to effectuate the mandated increases, the learned Justices need not stir.
Yet, it is argued that there is nothing contained in chapter 492 to indicate that it was intended to apply to these petitioners or to the counties within the City of New York, and if there were such intent the Legislature would have implemented the provisions of the chapter, as it did in authorizing the Comptroller of the State of New York to make provisions for the necessary funds from the State treasury. However, the act does apply to “ all officers or employees of the judiciary ”, and thus judicial officers paid solely by the Board of Estimate are covered to the same extent as judicial officers paid by the State Comptroller (Matter of Shea v. Falk, 10 A D 2d 142, affd. 8 N Y 2d 1071; Matter of Donnellan v. O’Dwyer, 189 Misc. 121).
The reference in chapter 492 to the State Comptroller may not be regarded as a provision excluding coverage of these petitioners or the obligation of the Board of Estimate to make the appropriate assessment, apportionment and reimbursement, since section 7 of chapter 492 provides ‘ ‘ The additional compensation authorized by this act for officers and employees of the judiciary shall be assessed, apportioned and reimbursed in the same manner as the compensation otherwise payable to such employees ”.
As for the view that chapter 492 provides for increases within certain salary grades, which salary grades are not applicable to these petitioners, a reading of the provisions of section 3 of the chapter compels the conclusion that reference to grades is immaterial. Otherwise, chapter 492 would be inapplicable to *54 all Supreme Court stenographers in the State of New York and the grant of an increase in addition “ to the compensation which he is otherwise entitled to receive” would be meaningless. It follows that if the petitioners are benefited by the new chapter, then the Board of Estimate is a proper party.
Finally, as to the applicability of section 115 of the Civil Sendee Law, the “ equal pay statute ”, this mandates a policy which may not be ignored 6(without comprehensible reason” (Leitner v. Conway, 195 Misc. 621). And the respondents have failed to disclose facts showing that the violation of this legislative command was either needful or has any comprehensible basis. Therefore, no triable issue is presented with respect to the claim for equal pay. A denial of the relief requested would lead to that palpable discrimination which justifies judicial intervention in order to prevent the unlawful flouting of obvious legislative intent. Accordingly, the motion is granted with respect to the State increase.