In the Matter of ARTHUR C. GOLDBERG, Respondent, v. ABRAHAM D. BEAME, as Comptroller of the City of New York, et al., Appellants.

First Department, March 4, 1965.

*Alfred Weinstein* of counsel (*Seymour B. Quel* and *George H. Parker* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for appellants.

.*Arthur C. Goldberg,* respondent in person.

*Per Curiam.* Prior to September, 1962, petitioner was appointed secretary to a County Court Judge, pursuant to section 206 of the Judiciary Law. This section was repealed, effective September 1, 1962 (L. 1962, ch. 692, § 44). Also effective September 1, 1962, the County Court, Bronx County, was abolished, its functions and powers merged with the Supreme Court, and its judicial personnel became Justices of the Supreme Court (N. Y. Const., art. VI; L. 1962, ch. 692, § 50).

For nonjudicial personnel, it was provided that officers and employees of the courts abolished "shall, to the extent practicable, be transferred to courts which exercise the jurisdiction formerly exercised by the courts in which they were employed, and appointed to positions in such courts * * * without diminution in salary and with the same status and rights." (N. Y. Const., art. VI, § 35; L. 1962, ch. 684, § 223; Judiciary Law, § 223.) The power of a Judge or Justice to appoint personal assistants to render to him legal or clerical services was continued (Judiciary Law, § 222, L. 1962, ch. 684, § 222) notwithstanding the provisions of section 214, in accordance with the standards and policies adopted by the administrative board *" and subject to the final determination of budgets by appropriating bodies as provided in section twenty-nine of article six*

*of the constitution.''* (Emphasis supplied.) The position held by petitioner may be fairly characterized as an "exempt" position (Civil Service Law, § 41).

Upon the abolition of the County Court, Bronx County, and transfer of the Judges, petitioner continued in his employment apparently without further designation or appointment and at the same salary. An interval elapsed before petitioner began to receive a salary equal to that paid to clerks to Justices of the Supreme Court (Judiciary Law, § 273, subd. 1). It is to enforce payment of the amount of such difference that petitioner instituted this article 78 proceeding.

Petitioner urges that the position of secretary having been abolished by abolition of the court (though the State Civil Service Commission continued such classification) that he could not be continued in such position, and that there was a duty upon respondents by reason of section 115 of the Civil Service Law, the so-called "equal pay for equal work" statute, to provide petitioner with pay equal to that received by other clerks to Justices.

Petitioner's reliance upon section 115 seems misplaced. Section 115 of the Civil Service Law is derived from former section 37, as added by section 2 of chapter 302 of the Laws of 1945 and repealed by section 1 of chapter 790 of the Laws of 1958, effective April 1, 1959. In construing section 37, the court stated "[s]ection 37 of the Civil Service Law embodying the principle of equal pay for equal work is a mere statement of general policy applicable to all Civil Service employees. It does not contain, however, a mandatory direction that such principle must be applied in all cases under any and all conditions." (*Matter of Beer* v. *Board of Educ. of City of N. Y.*, 83 N. Y. S. 2d 485, 486–487, affd. 274 App. Div. 931, lv. to app. den. 298 N. Y. 931.) Moreover, the location of the section in title A "Classification and Allocation of Positions", in article 8, "Classification and Compensation of State Employees", and its language when read in conjunction with the entire provisions of article 8, raises serious doubt of its applicability in this instance. It seems a part, and so intended, of the grading and classification system (cf. Civil Service Law, § 118, subd. 1, par. [a], cl. [2]).

There is little doubt that petitioner may be equitably entitled to that which he seeks, and an application to the proper authority might well have afforded relief (see Judiciary Law, art. 7-A), or even a new appointment, pursuant to section 222 of the Judiciary Law, upon transfer, might have obviated the necessity of this proceeding. It seems clear, however, that the courts cannot directly make an independent inquiry and direct deter-

mination of classification and of the applicability of section 115 (*Matter of Stich* v. *Wagner,* 36 Misc 2d 51, affd. 18 A D 2d 454, affd. 14 N Y 2d 530). Especially is this true where the original classification was continued and no budgetary appropriation made. Nor is *Leitner* v. *Conway* (195 Misc. 621) to the contrary. Despite the observation by the court that the policy of equal pay for equal work was not being observed, the court concluded the failure of the Director of the Budget to approve the desired classification for the petitioner and to make a budgetary appropriation therefor, barred direct action by the court.

The order appealed from should be reversed on the law, the judgment vacated, and the petition dismissed, without costs or disbursements.

VALENTE, J. (dissenting). I cannot assent to a decision which, while recognizing that " petitioner may be equitably entitled to that which he seeks ", nevertheless would deny him relief. It was inevitable with the extensive reorganization of the court system in this State that situations would arise regarding personnel and procedures not specifically covered by the numerous constitutional and statutory changes. The plight of the instant petitioner stems from one of the inadvertent omissions.

Before September 1, 1962, petitioner was the " Secretary " to a Judge of the County Court of Bronx County. With court reorganization, effective on that date, the County Court was abolished, and the County Judge who had appointed petitioner became a Justice of the Supreme Court. Petitioner continued in employment, working for the same Judge; and petitioner thereafter performed the work of a Clerk to a Justice of the Supreme Court. However, it was not until July 1, 1963 that he was paid a salary equal to the salary paid to the other Clerks to Justices of the Supreme Court, First Department. In this proceeding, petitioner merely sought to be paid the difference in salary of a Secretary to a County Judge and a Clerk of a Supreme Court Justice for the 10-month period from September 1, 1962 to July 1, 1963.

Section 115 of the Civil Service Law declares it to be the policy of this State " to provide equal pay for equal work ". Respondent's contention, that this policy is only enforcible after application of the classification and grading system, has been sustained by the majority of this court. Whatever may have been said for such an argument, with regard to other nonjudicial personnel who were transferred to other courts as a result of the reorganization, it has no basis in the instant case because there was no question as to petitioner's classification as a Clerk

of a Justice of the Supreme Court. In petitioner's case, classification and grading required only a ministerial act recognizing an unquestionable status. From September 1, 1962 to July 1, 1963, petitioner could not have been paid any salary as a Secretary to a Bronx County Judge (provided for in section 206 of the Judiciary Law), since the position of such a Secretary had been abolished by the repeal of section 206 as of September 1, 1962. Failure to set up the mechanics for payment of petitioner's salary as a Clerk to a Justice of the Supreme Court for the intervening period should not legally or equitably deprive petitioner of the right to compensation received by other Clerks to Justices of the Supreme Court in this Department. I cannot agree that our courts are powerless to correct such a palpable injustice.

I, therefore, dissent and would affirm the order of Special Term.

RABIN, J. P., McNALLY, STEVENS and BASTOW, JJ., concur in Per Curiam opinion; VALENTE, J., dissents in opinion.

Order and judgment (one paper) reversed on the law, the judgment vacated, and the petition dismissed, without costs and without disbursements.