Joseph F. Gagliardi, J.
Petitioner is a Senior Stenographer in the Bureau of Street Lighting of the City of Yonkers and has received the classified civil service rating of Senior Stenographer at an annual salary of $5,260. She alleges that another Senior Stenographer in a different department who performs the duties of Senior Stenographer with the same classification and grade receives a higher salary of $6,310. She contends that this violates section 115 and subdivision 1-a of section 131 of the Civil Service Law which essentially mandate “ equal pay for equal work” and seeks judgment increasing her compensation with payment of arrears to an amount equal to that of her fellow employee.
The City of Yonkers denies, in essence, that she does equal or equivalent work. Moreover, it raises the threshold question that the provisions of sections 115 and 131 of the Civil Service Law do not embrace employees of the City of Yonkers. That is correct. They are part of article 8 of the Civil Service Law entitled “ Classification and Compensation of State Employees.” (Emphasis added.) Section 115, entitled “ Policy of the state ” refers to attracting ‘ unusual merit and ability to the service of the state of New York.” (Emphasis added.)
Some of the cases cited by petitioner for application of this article 8 of the Civil Service Law must be distinguished. They involved either State employees (Leitner v. Conway, 195 Misc. 621) or judicial employees (Matter of Stich v. Wagner, 36 Misc 2d 51) who are deemed State employees (Matter of Shea v. *818 Falk, 8 N Y 2d 1071). Another casts doubt on the mandatory nature of the “equal pay for equal work” principle (Matter of Beer v. Board of Educ. of City of N. Y., 83 N. Y. S. 2d 485, affd. 274 App. Div. 931). Finally, the Appellate Division, First Department, noted the use of the expression “ State Employees ” in article 8 and expressed “serious doubt ” as to its applicability even to judicial personnel who are paid by the City of New York in Matter of Goldberg v. Beame (22 A D 2d 520).
The power to determine the salary of employees has been specifically conferred upon local governments by the ‘ ‘ home rule ” article (art. IX, § 2) of the New York State Constitution. It appears that the only basic restriction on the city’s power in this regard is contained in section 6 of article Y of the New York State Constitution. That is the familiar rule that “ appointments and promotions * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive.” Here, there is no claim that the positions have been improperly filled.
Petitioner does argue in her brief that the other employee’s higher salary constitutes an improper promotion. But there has been no showing that the salary of the other employee is ‘ ‘ beyond the limit fixed for the grade in which such office or position is classified ” within the meaning of subdivision 9 of section 52 of the Civil Service Law which defines a “ promotion.”
Hence, the principle of “ equal pay for equal work ” can bind the City of Yonkers only if it has bound itself in its charter or administrative code. Counsel urges that it has bound itself by section 2 of article XYII of the Yonkers City Charter which provides as follows: “ § 2. civil service. All appointments, removals and changes in status of the civil service of the city shall be made in accordance with the provisions of the civil service law.”
Petitioner urges that the above charter provision is without limitation and requires full application of the Civil Service Law. Nevertheless, the charter provision merely requires conduct ‘ ‘ in accordance with the provisions of the civil service law.” It does not state that the City of Yonkers goes any further than the Civil Service Law which, in this connection, limits itself to State employees. Bather, the charter provision merely removes all doubt that may be raised under local£ £ home rule ” as to the propriety of the many provisions of the Civil Service Law which apply generally to local governmental employees throughout the State.
*819 In view of the foregoing and despite the court’s personal sympathy with the principle of “ equal pay for equal work,” petitioner is confined to legislative and administrative forums for relief. The petition to this court is dismissed, without costs.