Fuld, J.
Before September 1, 1962, the petitioner was the “Secretary’’ to a Judge of the Bronx County Court. With court reorganization, effective on that date, the County Court *515 was abolished, and the County Judge who had appointed the petitioner became a Justice of the Supreme Court. The petitioner continued in employment, working for the same Judge and performing the work of a Clerk to a Justice of the Supreme Court. However, it was not until the following July 1 .that he was paid a salary equal to the salary paid to the other Clerks to Justices of the Supreme Court in the First Judicial District. In this proceeding, the petitioner merely sought to be paid the difference in salary between a Secretary to a County Court Judge and a Clerk to a Supreme Court Justice for the 10-month period from September 1, 1962 to July 1, 1963.
The petitioner’s original appointment as Secretary to a Judge of the Bronx County Court was made pursuant to section 206 of the Judiciary Law. That statute was repealed by section 44 of chapter 692 of the Laws of 1962, effective September 1, 1962, the date of the court reorganization. It was no coincidence that the office of Secretary to a Bronx County Court Judge was abolished on the same day that the Bronx County Court ceased to exist. In effecting court reorganization, the Constitution explicitly declared that, ‘ ‘ to the extent practicable ’ ’ and ‘ ‘ As may be provided by law”, nonjudicial personnel “shall * * * be assigned to like functions in the courts which exercise the jurisdiction formerly exercised by the courts in which they were employed” (N. Y. Const., art. VI, § 35, subd. 1). To implement this objective, the Legislature enacted section 223 of the Judiciary Law (subd. 1),. effective September 1, 1962, which provides that nonjudicial personnel shall be ‘ ‘ transferred to courts which exercise the jurisdiction formerly exercised by the courts in which they were employed, and appointed to positions in such courts where their skills, experience and training can be fully utilized. ’ ’ In our view, section 223 is self-executing and, as of September 1, 1962, the petitioner w-as,. in effect,•, “appointed” to the position most analogous to Secretary to a Bronx County Judge, namely, Clerk to a Supreme Court Justice in the First Judicial District. (See Judiciary LaW; § 157, subd. 1.) Accordingly, he was entitled to be compensated from September 1, 1962 to July 1, 1963 at the rate of pay for a Supreme Court Clerk instead of a County Court Secretary.
Our decision in Matter of Rein v. Wagner (18 N Y 2d 989), also handed down today, supports the conclusion! that, under *516 the court, reorganization plan, the provision for transfer of nonjudicial personnel from the County Court to the Supreme Court was self-executing. In that case, the Appellate Division, whose determination this court is affirming, held, inter alia, that former employees of the County Courts within the City of New York became employees of the Supreme Court on September 1, 1962 and, from that date, as ‘ ‘ employees of the judiciary of the State ’ ’, they were entitled to the increased compensation provided by chapter 640 of the laws of 1962 (25 A D 2d 356, 358-359). Manifestly, if the Legislature intended to treat former County Court employees as Supreme Court employees after September 1, 1962, for purposes of giving them a salary increase, it must necessarily have intended that they be similarly treated for purposes of their salary base.
The order appealed from should be reversed, with costs.
Judges VaN Voorhis, BergaN and KeatiNg concur with Judge Fuld; Judges Burke- and Scileppi dissent and vote to affirm; Chief Judge DesmoND taking no part.
Order reversed, with costs in this court and in the Appellate; Division, and case remitted to the Supreme Court, New York County, for further proceedings in accordance with the opinion, herein.