In the Matter of EVELYN RYAN, Appellant, v. FREDERICK J. ADLER, as City Manager of the City of Yonkers, et al., Respondents.

No opinion. (See 51 Misc 2d 816.) Christ, Acting P. J., Brennan, Munder and Nolan, JJ., concur: Hopkins, J., dissents, and votes to reverse the order, and to grant relief sought by the petitioner: The petitioner in this proceeding under CPLR article 78 is a senior stenographer employed by the City of Yonkers. She alleges, and it is admitted by the defendants, that another senior stenographer, of lesser tenure of service, but of the same grade and in the same salary range, is receiving a salary of $1,050 more than the petitioner. She asks that her salary be equalized with her fellow employee in the same category. If the petitioner were a State employee, she would be entitled to her relief. Section 115 of the Civil Service Law declares as state policy the obligation "to provide equal pay for equal work". That public policy has been made effective by the courts (*Matter of Goldberg* v. *Beame*, 18 N Y 2d 513; *Matter of Stich* v. *Wagner*, 36 Misc 2d 51, affd. 18 A D 2d 454; *Leitner* v. *Conway*, 195 Misc. 621). The resistance to relief for the petitioner is grounded chiefly on the contention that the declared public policy applies only to State employees and not to municipal employees. I do not think that we should so narrowly curtail the public policy of such a salutary character. Baseless discrimination of any kind is invidious; it becomes more blatant and outrageous when it is practised to favor one employee in civil service over another of like stature without reason or objective comparison. Thus, the State policy destroys the discrimination, and, at the same time, promotes both employees' morale and fair employment practices. The policy follows the constitutional mandate that the civil service of the State must be based on merit and fitness (Constitution, art. V, § 6), so much so that a salary differential in a position may be considered tantamount to a promotion, requiring examination (*Matter of Williams* v. *Morton*, 297 N. Y. 328; *Matter of Friedman* v. *Kern*, 171 Misc. 332). The State includes its civil divisions (Civil Service Law, § 2, subd. 5; *Chittenden* v. *Wurster*, 152 N. Y. 345,

354). Civil service protection, whether at the State or municipal level, becomes porous if salary discrimination is permitted. It is no answer, as suggested by the defendants, to say that the budget-making powers granted to cities (N. Y. Const., art. IX, § 12; Municipal Home Rule Law, § 10, subd. 1) are rendered ineffectual by enforcing the public policy giving equal pay for equal work. The city still maintains its authority to adopt a budget and to fix salaries; all that the public policy requires is that, once the budget is adopted and the salaries fixed, city employees shall be treated alike. The petitioner is entitled to the relief which she seeks.