Thomas M. Stark, J.
By this proceeding pursuant to article 78 of the CPLR petitioners, court reporters in the Suffolk County District Court, seek to compel respondent to pay to petitioners retroactive salary in grade 24 from January 1, 1967, to December 31, 1968.
The petition alleges that petitioners were duly appointed to their present positions and received the title of Court Reporter I pursuant tu a December, 1966, resolution of the Board of Supervisors (Resolution Number 846-1966). This classification was in acoordan with a position classification list for all Suffolk County cou" :,s promulgated by the Judicial Conference, dated October 6, 1968. The same title was accorded to the court reporters in the County, Surrogate’s and Family Courts by the same resolution (which also accorded with the Judicial Conference’s position classification list.) However, the Board of Supervisors’ resolution adopting titles and classifications and fixing grades in the Suffolk County Salary Plan placed petitioners in salary grade 20, although it placed all persons holding the Court Reporter I title in the County, Surrogate’s and Family Court in salary grade 24. Petitioners assert that the stated disparity in salary grade resulted in their receiving less compensation than persons similarly classified, performing similar duties, in violation of section 115 of the Civil Service Law.
The differential in salary grades was corrected in the spring of 1969, retroactive to January 1, 1969, so that petitioners are presently in the same salary grade, grade 24, as the other persons classified as Court Reporter I in the various Suffolk County courts.
*314 Respondent previously moved to dismiss the petition, which motion was denied by Mr. Justice Tasker.
The respondent county now answers and alleges that the proceeding was not timely commenced and that the petitioners are county employees, not State employees and are, therefore, not protected by section 115 of the Civil Service Law.
The unequal pay grades for Court Reporter I were maintained by the respondent county until on March 10, 1969, the County Executive approved Resolution No. 123-1969 which granted persons holding the Court Reporter I title in the District Court an increment to grade 24 on the Suffolk County Salary Plan retroactive to January 1, 1969. The wrong, therefore, was a continuing wrong until March 10,1969. The order to show cause was granted on May 23, 1969, and served on May 26, 1969, all within the permissible period for the commencement of this proceeding. (CPLR 217; Matter of Matthews v. O’Dwyer, 194 Misc. 1056.)
The prime issue presented by this proceeding is whether the petitioners are employees of the State, paid by the municipality which they serve, or employees of Suffolk County. It is immaterial whether Suffolk County or the court district is their employer (if it is not the State of New York), since section 115 of the Civil Service Law does not apply to any municipality. (Matter of Ryan v. Adler, 51 Misc 2d 816, affd. 28 A D 2d 920, affd. 21 N Y 2d 815.)
The “ determinative factor” in ascertaining whither or not an employee is a State employee is whether any “ State officer or body ever had the power or authority to appoint or discharge the petitioner ”. (Matter of Goodman v. Ralph, 294 N. Y. 169, 172.) The inquiry must thus be directed to determining who controls the petitioners, who appointed them and who regulates and supervises their employment. To ascertain answers to these inquiries, pertinent analysis must be made of the structure and organization of the unified court. system of New York State as created by the Legislature.
To give substance to the Tweed Commission amendments to the State Constitution and the newly created unified court system, the Legislature enacted a series of acts each effecting certain judicial reforms, in 1962. Chapter 684 of the Laws of 1962 added section 212 of the Judiciary Law which grants additional powers and duties to the Judicial ‘Conference and provides inter alia:
1 ‘ The administrative board shall have the authority and responsibility for the administrative supervision of the unified court system * * * [to adopt] standards and policies relating to * * *
*315 “ 1. Personnel practices, title structures, job definition, classification, qualifications, appointments, promotions, transfers, leaves of absence, resignations and reinstatements, performance rating, sick leaves, vacations, time allowances, and removal of non-judicial personnel of the unified court system ’ ’.
Section 214 of the Judiciary Law, also added by chapter 684 of the Laws of 1962, provides in part: ‘1 Each appellate division shall, with respect to the courts in its department, be vested with, (1) the administrative powers and duties necessary to effectuate the standards and policies established by the administrative board pursuant to section two hundred twelve of this chapter
Section 212 of the Judiciary Law was amended by chapter 685 of the Laws of 1962 to require that “ The standards and policies of the administrative board relating to the foregoing powers and duties shall be consistent with the civil service law
Pursuant to the afore-quoted statutes, the Administrative Board of the Judicial Conference on October 1, 1964, adopted Time and Leave Rules (art. VI) for all of the employees of the unified court system and on November 1, 1964, adopted Career Service Rules (art. VII) for all nonelected and nonjudicial employees of the unified court system.
The board provided that the Time and Leave Rules were not to be applied outside the City of New York until specifically extended by the Administrative Board or an Appellate Division. By separate informal order, the Board and the Appellate Division directed the courts operating in Suffolk County to continue to operate pursuant to the time and leave rules of the Suffolk County Civil Service Commission. The time and leave rules relating to employees of the unified court system in Suffolk County are, therefore, applied and administered pursuant to direction of the Administrative Board and the Appellate Division and not by the Suffolk County Civil Service Commission, all pursuant to the Judiciary Law.
The Career Service Rules of the Administrative Board provide (§ 2): “ It is the considered intent of the Administrative Board of the Judicial Conference of the State of New York to provide for the employees under its jurisdiction a career and merit system consistent with the Civil Service Law ”.
A premier philosophical premise of the career and merit system of New York State is the equal work for equal pay provision enunciated in section 115 of the Civil Service Law. The Career Service Rules, therefore, required that ‘1 In each fiscal jurisdiction, the Board shall negotiate a pay plan to be part of a uniform classification and salary plan”. (§4.)
*316 As a result of an extensive survey of the courts operating in Suffolk County, the Administrative Board negotiated such a plan with the .Suffolk County Board of Supervisors.
By Resolution No. 846-1966, effective January 1, 1967, the Board of Supervisors adopted what purported to be such a plan for the “ employees in the Courts of Suffolk County”. It is this plan which placed thé Court Reporter I title in the District Court at salary grade 20 while placing all other Court Reporter I titles at salary grade 24. Manifestly, this is not a ‘ ‘ uniform classification and salary plan ”,
Each of the petitioners was appointed by an administrative order of the Appellate Division of the Supreme Court, Second Judicial Department, signed by the Presiding Judge of that court. The Administrative Judge of the District Court is an Acting Supreme Court Justice appointed by the Appellate Division.
Very simply, all control over the petitioners, their appointment, their conduct and operation, and their discharge is exercised by the Appellate Division pursuant to the rules of the Administrative Board. There can be no argument but that this is a State agency. The manifest intent of the Legislature was that the rules be 1 ‘ consistent ’ ’ with the Civil Service Law. See also Glovernor’s Memorandum approving chapter 685. (N. Y. Legis. Annual, 1962, p. 365.) The board, adopting consistency as its standard, required that the salary plan be “ uniform ” at least within that fiscal jurisdiction where it was negotiated.
Adopting the criteria of the Court of Appeals for determining whether one is a local or State employee^ the court is inescapably led to the conclusion that the petitioners are all employees of the State of New York, paid by the municipality which they serve. (Cf. Matter of Stich v. Wagner, 36 Misc 2d 51, affd. 18 A D 2d 454, affd. 14 N Y 2d 530; Matter of Rein v. Wagner, 45 Misc 2d 733, mod. 25 A D 2d 356, affd. 18 N Y 2d 989.) The petitioners are, therefore, entitled to the protection of section 115 of the 'Civil Service Law requiring equal pay.
In its answer, the county denies that the petitioners do “ equal work ’ ’ as compared to the services performed by the other reporters with the title of Court Reporter I. The historic basis and legislative purpose for creating a career and salary plan with a classification by title of all positions according to their duties and responsibilities is so that “ positions that are so substantially similar in the essential character and scope of their duties and responsibilities and in the qualification requirements thereof that the same descriptive title may be used to designate them * * * and that the same rate of compensation may be *317 reasonably applied”. (Civil Service Law, § 118, subd. 2, par. [a].) Therefore, once the Suffolk County Board of Supervisors, acting as to these petitioners as ‘1 State employees ’ ’, granted the title of Court Reporter I, the board made a determination as a matter of law that the petitioners were doing work equal to that of other persons holding the Court Reporter I title.
Since the petitioners held the title of Court Reporter I from January 1,1967, to December 31,1968, while not receiving compensation equal to that of others holding that title during the same period, the petitioners are entitled to receive the amounts which were wrongfully withheld from each of them during this period of time. Bach petitioner’s seniority and step on the career plan must be accepted as it was actually fixed by the county as of January 1, 1967 (or upon the commencement of his employment, if later) and modified to consider further time in service as it was earned. Bach petitioner must receive the difference in compensation between that which he actually received and that which he would have received at the same step if he had been in the County, Surrogate or Family Court for that period. (Matter of Stich v. Wagner, supra; Matter of Rein v. Wagner, supra.) The petition is granted.