■ CHARLES ALESI et al., Respondents, v MARIO PROCACCINO, as Comptroller of the City of New York, et al., Appellants, et al., Defendant.—Order of the Appellate Term entered January 25, 1974, which by a divided court affirmed a judgment of the Civil Court, New York County, entered July 7, 1971, which granted judgment to the plaintiffs for certain salary increases, each unanimously reversed, on the law, and the complaint dismissed, without costs and without disbursements to either party. Plaintiffs, attendants at the Civil Court of the City of New York, were, prior to September 1, 1962, court attendants at the City Court of the City of New York. On September 1, 1962, the City Court of the City of New· York and the then Municipal Court of the City of New York were abolished and the Civil Court of the City of New York came into existence, replacing such courts and combining their respective functions, powers and jurisdiction. Plaintiffs were transferred to and became attendants at the Civil Court as did their counterparts in the Municipal Court. At the time of the transfer and prior thereto, there existed a differential in the pay scale of the attendants of the City and Municipal Courts of the City of New York, which differential continued until July 1, 1963, the beginning of the new fiscal year for the City of New York, when the salaries of the two groups were equalized. This

action is brought by plaintiffs to recover for the period from September 1, 1962 to June 30, 1963, the difference between the lesser salary paid to plaintiffs and the greater salary paid to the former attendants at the Municipal Court of the City of New York during that period. After judgment was entered in the Civil Court in favor of plaintiffs, and such judgment affirmed by the Appellate Term, this court granted leave to appeal. Prior to court reorganization on September 1, 1962, no salary grade was attached to Court Attendant positions in the City Court; such salaries were fixed by the Justices of that court. In the Municipal Court the equivalent position was covered by New York City's career and salary plan with a specified minimum and maximum salary. After reorganization, jurisdiction of nonjudicial personnel of the courts of the City of New York, passed to the Judicial Conference of the State of New York, with power in the Administrative Board of the conference to set standards and policies relating to the classification of nonjudicial personnel in the system (Judiciary Law, § 212, subd 1). From September 1, 1962 to July 1, 1963, there was no classification or grading schedule mandating that plaintiffs be paid an amount equal to that paid to the former Municipal Court attendants. Plaintiffs urge that section 223 of the Judiciary Law which, *inter alia,* provides that officers or employees transferred into the new system should not suffer any diminution in salary and that such appointments must comply with the provisions of the Civil Service Law evidences a legislative intent that similar job titles should provide for the same rate of pay. Particularly do they stress the "equal pay for equal work" language of section 115 of the Civil Service Law. In our view, section 115, of the Civil Service Law, is not here applicable. That section deals with employees in the service of the State of New York, and declares a policy of this State in order to attract merit and ability to the State. These plaintiffs at all times were employees of the City of New York (see *Matter of Ryan v Adler,* 51 Misc 2d 816, affd 28 AD2d 920, affd 21 NY2d 815; *Matter of Tabone v Beame,* NYLJ, March 27, 1964, p 11, col 7, affd 27 AD2d 987, affd 21 NY2d 939). A brief and temporary disparity in salaries incidental to the unification of the courts, existing only until the Judicial Conference and the Administrative Board could exercise their newly vested powers, did not constitute a denial of equal protection or equal rights. Particularly is this true when it cannot be said that the time interval was, as a matter of law, unreasonable. Nor, it must be noted, was there any diminution of salary, or any provision that the salary equalization of July 1, 1963, be made retroactive. There was merely a continuation of pay scales formulated and regulated by then applicable laws and regulations (see *Matter of Tabone v Beame, supra).* Concur—Stevens, P. J., Murphy, Lane and Nunez, JJ.