■ NATHAN LITMAN et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Leonard N. Cohen, J.), entered on or about May 6, 1990, which dismissed this CPLR article 78 proceeding, unanimously affirmed, without costs.

Petitioners, 35 special education teachers, brought this article 78 proceeding challenging an agreement reached between respondent Board of Education of the City of New York and their bargaining agent, the United Federation of Teachers (UFT), which modified the collective bargaining agreement so as to provide for increased wage rates and benefits to certain special education teachers. The agreement was in response to 1987 legislation which mandated that educational instruction be offered on a year-round basis, rather than a 10-month basis, to certain handicapped students. Under the challenged memorandum of agreement, special education teachers who served the subject population during the regular school year and chose to remain in the program during the summer months received compensation equal to the greater of 17½% of their gross salary for the summer months or a "per session" rate, which wages were included in calculations of pension earnings. Other special education teachers who normally taught mildly or moderately handicapped children and who partici-

pated in this summer program were paid only at the "per session" rate, which wages were not included in pension calculations.

Petitioners challenge this differentiation as arbitrary, capricious, and in violation of their right to equal pay for equal work. They also contend that respondents did not negotiate in good faith, and that the UFT violated its duty of fair and adequate representation. The IAS court dismissed the petition, finding that a rational basis existed for the salary differential and that there was no proof of a breach of the duty of fair and adequate representation. We agree.

The test for determining the constitutionality of the salary differential is " 'whether the challenged classification rests on grounds wholly irrelevant to the achievement of a valid State objective' " *(Matter of Abrams v Bronstein,* 33 NY2d 488, 492, quoting *Turner v Fouche,* 396 US 346, 362). The classification herein distinguishes between those who normally teach the severely handicapped, as opposed to those who teach mildly or moderately handicapped children. The salary differential meets valid State objectives by encouraging those teachers with experience teaching the most profoundly handicapped to participate in the year-round educational program.

The agreement did not violate constitutional guarantees of equal protection *(see, e.g., Matter of Tolub v Evans,* 58 NY2d 1 [1982], *appeal dismissed* 460 US 1076). Nor was there a showing of a violation of the union's duty of fair and adequate representation *(see, Vaca v Sipes,* 386 US 171). Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.