Sweeny and Abdus-Salaam, JJ.,
dissent in a memorandum by Abdus-Salaam, J., as follows: I respectfully dissent. I would dismiss the petition for failure to state a cause of action.
Respondent is correct that in the absence of an application by petitioner to replead, or for leave to serve an amended pleading accompanied by the proposed amended pleading (see CFLR 3025 [b]), the proper procedure under these circumstances would have been for the court to dismiss the petition once petitioner *537 abandoned its claim based on Civil Service Law § 61 (2). By ordering a hearing on the issue of whether respondent violated Civil Service Law § 115, the court implicitly deemed the pleading amended and recognized that petitioner has a cognizable claim for violation of that statute. I disagree with the majority’s view that petitioner states a cognizable claim under Civil Service Law § 115.
Civil Service Law § 115 “merely enunciates a policy and confers no jurisdiction on a court to enforce such policy” (Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v State of N.Y. Unified Ct. Sys., 35 AD3d 1008, 1010 [3d Dept 2006] [internal quotation marks omitted]; see also MTA Bus Non-Union Empls. Rank & File Comm. v Metropolitan Transp. Auth., — F Supp 2d —, 2012 WL 4782736, *9, 2012 US Dist LEXIS 143953, *28 [SD NY, Sept. 25, 2012, No. 11 Civ 4493 (JSR)]; Matter of Trerotola v New York City Off-Track Betting Corp., 86 AD2d 822 [1st Dept 1982], affd for reasons stated below 58 NY2d 856 [1983]; Gladstone v Board of Educ. of City of N.Y., 49 Misc 2d 344, 346 [1966], affd 26 AD2d 838 [2d Dept 1966], affd 19 NY2d 1004 [1967], cert denied 389 US 976 [1967]; Matter of Goldberg v Beame, 22 AD2d 520, 522 [1st Dept 1965], revd on other grounds 18 NY2d 513 [1966]). Contrary to the majority’s analysis, all of the case law supports respondent’s position that Civil Service Law § 115 “merely” enunciates a policy as opposed to providing an enforceable statutory right, and the majority has not pointed to any case where a court has recognized a cognizable cause of action based on a violation of Civil Service Law § 115. Matter of Zuckerman v Board of Educ. of City School Dist. of City of N.Y. (44 NY2d 336 [1978]), cited by the majority, did not involve an alleged violation of section 115, but instead concerned a claim that the Board of Education had circumvented the New York State Constitution and the statutory requirements of the Education Law.
While the majority asserts that in Bertoldi v State of New York (275 AD2d 227 [1st Dept 2000], lv denied 96 NY2d 706 [2001]) we implied that there are circumstances in which the principle of equal pay for equal work must be applied, significantly, we noted that Civil Service Law § 115 “enunciates a policy and confers no jurisdiction on a court to enforce such policy” (275 AD2d at 228, quoting Gladstone, 49 Misc 2d at 346). That, as the majority points out, section 115 codifies an important public policy does not compel the conclusion that actions at odds with the policy are the basis for liability. Notably, Civil Service Law § 115, entitled “Policy of the state,” not only declares it “to be the policy of the state to provide equal pay for *538 equal work,” but also declares the policy to encompass “regular increases in pay in proper proportion to increase of ability, increase of output and increase of equality of work demonstrated in service.” By the majority’s reasoning and reading of the statute, a cause of action for violation of section 115 could be stated upon allegations that an employee has not received regular increases in pay, a proposition that was clearly not intended by the Legislature in enunciating this policy. Accordingly, petitioner’s claim under that statute should be dismissed.
I reject petitioner’s claim that the amount of wages for SS-Is agreed to in the collective bargaining process violates the Equal Protection Clause. Petitioner has not cited any case law in which a union, after agreeing to a salary schedule through collective bargaining, has successfully prosecuted a claim that the equal protection clause has been violated because the salary schedule it agreed to was lower than the salary schedule for similarly situated employees (compare Margolis v New York City Tr. Auth., 157 AD2d 238, 241-242 [1st Dept 1990]), and the cases cited therein, which did not involve claims that a contract reached through collective bargaining violated the Equal Protection Clause, but instead, involved disputes that had not been the subject of collective bargaining).* Matter of Trerotola (86 AD2d at 822), cited by respondent, is instructive. Although the court did not expressly address the Equal Protection Clause, it found that where petitioner union claimed equal pay for equal work, and Civil Service Law § 115 was inapplicable, there was no basis for granting relief, because “[t]he quarrel [was] a naked endeavor to impose upon [the respondent], through the courts, a wage scale upon which there was no agreement during the collective bargaining process” (id. at 823).
That, as the majority points out, the two worker groups in Trerotola were represented by the same union is a distinction without a meaningful difference. The cornerstone of Trerotola was not that the workers were represented by the same union in contract negotiations—the point was that the workers could *539 have bargained for a higher salary, and could not, having failed to do so, obtain relief from the court with respect to the salary set by the collective bargaining agreement. The majority’s position that petitioner has no ability to control pay disparity through collective bargaining is perplexing. Petitioner has been representing SS-Is since 1997, and has negotiated and agreed to multiple collective bargaining agreements and salary schedules, all with the knowledge of the salary schedules for the SS-IIs and the nature of the work assigned to the different classes of workers. Petitioner need not represent both SS-Is and SS-IIs to be able to negotiate a salary for SS-Is that is comparable to that of their SS-II counterparts.

 In Litman v Board of Educ. of City of N.Y. (170 AD2d 194 [1st Dept 1991]), not cited by either party, this Court ruled that an agreement between the teachers’ union and the Board of Education that modified a collective bargaining agreement so as to provide for increased wage rates and benefits only to certain special education teachers did not violate constitutional guarantees of equal protection because the salary differential met valid state objectives. In so doing, we implicitly recognized that a cause of action had been stated. However, in Litman, in contrast to the situation here, the proceeding was commenced by individual teachers who were adversely affected by the agreement, not by the union that had reached the agreement through collective bargaining.