Harold E. Koreman, J.
The petitioner seeks a judgment directing the Civil Service Commission of the State of New York to grant him a merit award pursuant to the Employee Suggestion Program of the Department of Civil Service and to grant him a hearing as to the amount of the award. In the alternative petitioner seeks a hearing on the matter of his entitlement to a merit award, or that the proceedings be transferred to the Appellate Division for disposition.
Respondent Civil Service Commission has established an Employee Suggestion Program pursuant to which State employees are urged to submit meritorious suggestions that would promote efficiency and economy in the performance of any function of State government. For this purpose the Civil Service Commission appoints departmental committees from among persons nominated by the heads of departments or agencies, which analyze and review suggestions submitted for consideration, and if the suggestions are adopted and used the departmental committee may recommend to the Civil Service Commission that a merit award be given to the employee whose *828 suggestion is adopted. Petitioner submitted a suggestion that the Lottery Section of the Department of Taxation and Finance should be changed to an independent State agency, thereby making it possible for the employees of the Department of Taxation and Finance to participate in the New York State lottery. The suggestion was evaluated-by the Director of the Division of the Lottery, and the Employee Suggestion Committee of the Department of Taxation and Finance recommended that the suggestion not be approved for the reason that the Legislature created the State Racing and Wagering Board by chapter 346 of the Laws of 1973, independently of petitioner’s suggestion. Thereafter petitioner made a request for a hearing and a claim for a merit award to the Civil Service Commission, which denied a ¡hearng and dismissed the claim for a merit award. The Civil Service Commission took the position that since the department involved (Taxation and Finance) did not take any action resembling that suggested by petitioner there was no basis for merit award consideration, and therefore, a hearing would be meaningless.
While petitioner’s suggestion was submitted to the Civil Service Commission more than three months prior to the date of the Governor’s request for legislation establishing the State Racing and Wagering Board, and prior to the enactment of chapter 346 of the Laws of 1973, petitioner does not allege nor is there any showing that the Department of Taxation and Finance ever took any action on petitioner’s suggestion. He alleges merely that the Governor sent a bill to the Legislature which adopted the proposal submitted by him. It does not appear that the Department of Taxation and Finance communicated petitioner’s suggestion in any manner to the Legislature, nor that the department was even aware of the proposed legislation.
The Civil Service Commission is authorized to formulate an Employee Suggestion Program, to administer it, and to exercise its discretion in evaluating any employee suggestions. (Civil Service Law, § 145.) The commission is also authorized to determine whether the award should be a certificate, medal or other appropriate insignia of merit, or a cash award in an amount fixed by the commission. (Civil Service Law, § 146.) There is no statutory right to a hearing on petitioner’s claim of entitlement to a merit award, nor as to the nature of the award.
Since petitioner has not demonstrated any legal right to the relief sought, the petition must be dismissed.