Rose Weinfeld, Respondent, v State of New York, Appellant. (Claim No. 60232.)

Third Department, July 27, 1978

APPEARANCES OF COUNSEL

*Louis J. Lefkowitz*, Attorney-General *(Douglas S. Dales, Jr.,* and *Ruth Kessler Toch* of counsel), for appellant.

*Ashley & Lewittes (Sanford Solarz and Alvin Ashley of counsel), for respondent.*

## OPINION OF THE COURT

HERLIHY, J.

The claimant in March of 1972 was employed as a tax examiner by the New York State Department of Taxation and Finance (hereinafter referred to as Department). Sections 145 and 146 (art 9) of the Civil Service Law\* provide generally that the State Civil Service Commission (hereinafter referred to as Commission) is to establish a plan whereby merit awards are to be made to selected active or retired employees who by their "unusual and meritorious suggestions and accomplishments" promoted efficiency and economy. In this case, the

---

\* Article 9 of the Civil Service Law provides as follows:

"§ 145. State commission to make merit awards; regulations

"The state civil service commission shall have power and it shall be its duty:

"(a) To formulate, establish and maintain a plan or plans to encourage and reward unusual and meritorious suggestions and accomplishments by state employees and suggestions of retired state employees promoting efficiency and economy in the performance of any function of state government;

"(b) To appoint departmental or divisional boards or committees, from among persons nominated therefor by the respective department or agency heads, which shall analyze and review suggestions and accomplishments of state employees and suggestions of retired state employees submitted for consideration under such plan or plans and make recommendations thereon to the commission;

"(c) To make and render merit awards to or for the benefit of state employees and retired state employees nominated to receive them in accordance with such plan or plans;

"(d) To adopt and promulgate rules and regulations governing the operation of any plan or plans established under this article, the eligibility and qualifications of state employees and retired state employees participating therein, the character and quality of suggestions and accomplishments submitted for consideration, the method of their submission and the procedure for their review, nominations for merit awards, and the kind, character and value of such awards, and such other rules and regulations as may be deemed necessary or appropriate for the proper administration of this article or for the accomplishment of the purposes thereof;

"(e) Upon the request of a public authority or other agency not in the state service but under the jurisdiction of the civil service department, to receive, pass upon and make awards for suggestions submitted by employees and retired employees of such authority or agency, provided such authority or agency agrees to abide by the decisions of the commission and to pay the costs of all awards granted by the commission to its employees.

"§ 146. Awards

"The commission *may determine the nature and extent of the merit awards to be made* under this article which may include but shall not be limited to certificates, medals or other appropriate insignia, or cash awards in such amounts as may be fixed by the commission." (Emphasis added.)

Commission never implemented the statute by rule or regulation; however, an employee suggestion program was apparently established whereby merit awards would be made to selected employees.

In March of 1972, the claimant submitted a suggestion to the Department that in regard to the sales tax on automobiles, a uniform policy of imposing the tax based on so-called "book value" and the rejection of a buyer's declaration of any lesser value would result in a more accurate collection of such sales taxes by motor vehicle licensing examiners. For the purpose of the State's motion to dismiss the claim, the answer clearly admits that the suggestion of the claimant was adopted by the Department in April of 1975 and the claimant was informed by a letter dated November 26, 1975 from the Commission that she was awarded the sum of $500 and a certificate of merit.

On February 18, 1976, the Department issued a news release which stated that as the result of a recent change in the proof required for a purchaser of an automobile as to the price he paid therefor, it was expected that additional sales tax revenue of "nearly $8 million" would be produced. The claimant seeks the recovery of 10% of the said $8,000,000 less the $500 already received by her upon the allegation that, as a matter of law, the suggestion program provided for an award of 10% of "the net first year tangible savings and monetary benefit to the State of New York."

The State moved to dismiss the claim upon the ground that the Court of Claims lacked subject matter jurisdiction and for failure to state a cause of action which is actionable pursuant to section 9 of the Court of Claims Act. The Court of Claims found that the State had waived immunity as to violations of a statutory duty and that the cause of action was actionable.

Upon this appeal the dispositive issue is whether or not the claim states a cause of action over which jurisdiction has been conferred in the Court of Claims by virtue of section 9 of the Court of Claims Act. The portion of section 9 of the Court of Claims Act which confers jurisdiction in the Court of Claims for causes of action generally is as follows:

"§ 9. Jurisdiction and powers of the court.

"The court shall have jurisdiction: 1. To hear and determine all matters now pending in the said court of claims.

"2. To hear and determine a claim of any person, corpora-

tion or municipality against the state for the appropriation of any real or personal property or any interest therein, for the breach of contract, express or implied, or for the torts of its officers or employees while acting as such officers or employees, providing the claimant complies with the limitations of this article."

It is contended that the claim seeks simply to recover a sum of money which by computation is due and owing to the claimant, and, therefore, that it is within the framework of section 9 of the Court of Claims Act.

There is no general provision of the Court of Claims Act which would include an action for money "owed" except by tort or contract duties, and there is no express grant of jurisdiction for this type of claim. It is suggested that sections 145 and 146 of the Civil Service Law, as implemented by certain interdepartmental memoranda, had the effect of issuing an offer (reward) to the claimant as a member of the class of "State employees" and upon performance by the claimant in reliance thereon, an "unilateral" contract would result. The statutes allegedly contain an offer of reward of some type to State employees by virtue of the mandatory language of subdivision (a) of section 145 of the Civil Service Law, if it should be determined that there had been made an unusual and meritorious suggestion. When such an offer is complied with by an offeree, the result would be acceptance by performance and the contract would remain executory only to the extent of payment by the offerer as promised.

*Assuming* that the claimant has shown prima facie a compliance with the offer of section 145 of the Civil Service Law as to her own performance (but see *Sheldon v George,* 132 App Div 470 [as to the factual requirements involved in establishing a valid acceptance]), it is nevertheless apparent that section 146 of the Civil Service Law leaves the determination of amounts payable to the *discretion* of the Commission (cf. *Gordon v Poston,* 80 Misc 2d 827). The "regulation" relied upon to establish an offer of money as a reward is primarily a bulletin from the Department of Civil Service and included in the record as Exhibit "B" attached to an affirmation of claimant's counsel dated April 26, 1977. This bulletin does not establish that the suggestion of the claimant would be worth 10% "of the net first year monetary benefit for the State". It speaks of "tangible" benefits and "intangible" benefits and the award or reward would be different as to each. At most, the bulletin establishes that it was intended to give monetary

benefits for certain suggestions *and it was not effective until nearly two years after the claimant made her suggestion.* The bulletin is inadequate to establish that the assumed executory contract on the part of the State was for an amount of money due and owing by simple computation. Indeed, by letter dated November 26, 1975, the Commission determined that the award amount was $500 and pursuant to section 146 of the Civil Service Law that would of necessity be the only amount due and owing to the claimant. Since the claimant received that amount of money, there is no basis for finding any executory contract on the part of the State of New York based upon the bulletin.

The claimant has additionally relied upon a memorandum from the Director of Personnel of the Department dated March 6, 1974. The memorandum would more directly support the contention that a definite contractual obligation on the part of the State was established. However, the amount of any award and any binding rules and regulations in regard thereto are solely within the control of the Commission and the memorandum would not be binding on the State.

As a matter of law, the claimant has not pleaded a matured contractual obligation on the part of the State or any cause of action which would be within the incidental jurisdiction of the Court of Claims pursuant to section 9 of the Court of Claims Act. To the extent that the Civil Service Commission may have abused its discretion by not following its own rules or otherwise, the matter would require further proceedings by the Civil Service Commission and/or judicial proceedings pursuant to CPLR article 78 to establish the basis upon which the existing award was made and what, if any, exercise of discretion was involved *(Gordon v Poston,* 80 Misc 2d 827, 828, *supra).*

The order should be reversed, on the law and the facts; the cross motion granted and the claim dismissed, without costs, and without prejudice to any other proceedings the claimant may initiate or pursue should she be so advised.

MAHONEY, P. J., GREENBLOTT, MAIN and MIKOLL, JJ., concur.

Order reversed, on the law and the facts; cross motion granted and claim dismissed, without costs, and without prejudice to any other proceedings the claimant may initiate or pursue should she be so advised.