Benjamin Brenner, J.
Plaintiffs, elementary school principals, move for summary judgment in an action to procure a pay schedule equal to those principals of junior high schools who were assigned to the newly created intermediate schools. Defendant, the Board of Education of the City of New York, has undertaken an experimental reorganization of the New York City public school system calling for the establishment of a “middle” or “intermediate” school which will replace the junior high school, initially comprising the sixth through eighth grades and later fifth through eighth grades. Among the professed aims are departmentalization of studies, development of skills, wider social groupings, etc.
On May 27, 1965 the Board of Regents of the State of New York approved the amendment of section 117 of the regulations to provide in part that 11 Any school district which proposes an experiment concerned with organizational changes that alter the definition of the elementary, junior or senior high school may be granted approval * * * to employ a certified (or * * * licensed * * *) teacher for any teaching assignment * * * by the superintendent”. (8 NYCRR 80.2 [i].) The New York City Board of Education on June 14, 1965 adopted a resolution reaffirming its approval of the program and suspending any inconsistent provision of its by-laws, and on July 12, 1965, the Commissioner of Education granted ‘ ‘ provisional approval for its experiment for a period of two years from July 1, 1965.” The program was thereupon initiated in September, 1965 with the formation of a number of new ‘ ‘ intermediate ’ ’ schools which covered either 6-7-8 grades or 7-8 grades, and junior high school principals have been assigned to supervise these intermediate schools.
It is plaintiffs’ contention that the intermediate schools are “ by definition and in actual practice ” elementary schools; that the course of study is the same as in elementary schools; and that their principals will perform similar functions; a contention which, according to defendant, has no basis in fact. Plaintiffs’ conclusions are, in part, founded on subdivision 7 of section 2 of *346 the Education Law, which simply defines “ secondary education ” as a “ means of instruction of academic grade, between the elementary grades and the college or university.” It supplies no definition of elementary or junior high schools. Reference to the regulations of the Commissioner of Education and to defendant’s by-laws is of no help. Section 207 of the Education Law provides that the regulations adopted by the Board of Regents have the force of legislation, so that the regulations which are here cited were effectively amended and modified by the action of the Board of Regents in approval of the enactment of subdivision 9 of section 117 and the inconsistent by-laws of the defendant were superseded by said resolution.
The concept of an “intermediate” school is not new. In Matter of Brady v. Board of Educ. of City of N. T. (136 Misc. 1, 6, 9, affd. 229 App. Div. 853), where junior high school teachers similarly sought the pay schedule of senior high school teachers on the ground that there was no substantial distinction between them, the court found that the purpose of the “intermediate schools ’ ’ was to popularize and exploit the departmental method of teaching “ so as to permit at least some measure of specialization, in contrast with the unspecialized teaching formerly universal in upper grammar schools.” It further found “no warrant * * * for petitioner’s position that all the various types of high schools constitute but a single grade, to which a uniform salary schedule must necessarily attach.”
While section 115 of the Civil Service Law states that it is the “ policy of the state to provide equal pay for equal work,” the courts have repeatedly held that this merely enunciates a policy and confers no jurisdiction on a court to enforce such policy. This was the clear holding in Burns v. Board of Educ. of City of N. Y. (301 N. Y. 584, affg. 276 App. Div. 994 [affg. Sup. Ct., N. Y. County, Steuer, J.]), a case quite similar to the case at bar involving junior high school principals who sought the same salary as senior high school principals on the ground that they perform the same functions and duties. (See, also, Matter of Goldberg v. Beame, 22 A D 2d 520; Matter of Beer v. Board of| Educ. of City of N. Y., 83 N. Y. S. 2d 485, affd. 274 App. Div. 931, mot. for lv. to app. den. 274 App. Div. 994; Matter of Travin v. Board of Higher Educ. of City of N. Y., N. Y. L. J., June 28, 1957, p. 4, col. 5, Lupiano, J. [Sup. Ct., N. Y. County], affd. 4 A D 2d 936, mot. for lv. to app. den. 4 N Y 2d 675; Matter of Kearns v. Board of Educ. of City of N. 7., 279 N. Y. 61.)
It is now established law that an employee is entitled only to the salary schedule which his license grants (Bacon v. Board *347 of Educ. of City of N. Y., 205 Misc. 73, affd. 285 App. Div. 1046, mot. for lv. to app. den. 286 App. Div. 832, mot. for lv. to app. den. 309 N. Y. 1030). Section 231 of defendant’s by-laws provides that “ no one shall have a claim to salary in any position for which a license is established in these By-Laws unless such person has been granted such license or an appropriate higher license and has been appointed thereunder in accordance with the provisions of this section.” These by-laws have the force and effect of law, as indicated in the Bacon case (supra) and as provided in subdivision 13 of section 2554 of the Education Law. As plaintiffs have suffered no loss either in position or income, the authorities cited by them involving abolition of positions and reduction of salaries are not in point. As remarked by Justice Cabdozo : “ The public officer seeking payment from the public treasury must put his finger on some statute whereby payment is permitted ’ ’. (Stetler v. McFarlane, 230 N. Y. 400, 408.)
Even the policy of ‘ ‘ equal work, equal pay ’ ’ is here inappropriately invoked for the purpose is to reorganize the learning process and to provide specialization, testing and guidance not heretofore available to elementary school students. Thus the duties and functions contemplated for the principals of the “ intermediate ” schools are quite different from those presently subsisting for principals of elementary schools, as may be seen by the following excerpts from the defendant’s report as set out in its resolution of April 28, 1965: ‘ ‘ This means that the program for the intermediate years must contain a new organization of learning * * *. It cannot be done simply by reshuffling the present subject matter of these years. It requires a whole new approach to the learning process. * * * Probably this intermediate program needs the greatest variety of specialized services of any segment of the educational program * * * new and special testing and guidance services, for remedial work, for subject specialists and for human relations consultants.” Plaintiffs have thus shown no statutory or other support for their claims. Their motion for summary judgment is denied, and as I see no possibility of ultimate success upon the facts presently before the court, the complaint is dismissed without prejudice to any new suit which plaintiffs may be advised to institute in the event of altered circumstances.