■ IRVING A. GLADSTONE et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— In an action *inter alia* to require defendant to fix the salaries of plaintiffs (elementary school principals) at the same rate as it fixes the salaries of licensed junior high school principals assigned to serve as principals of intermediate schools, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered March 25, 1966, which (a) denied plaintiffs' motion for summary judgment and (b) dismissed the complaint "without prejudice to any new suit which plaintiffs may be advised to initiate in the event of altered circumstances." Judgment affirmed, without costs. In our opinion, the definitions of elementary school contained in the Regulations of the Commissioner of Education and the by-laws of the Board of Education have been suspended during the period of experiment with the intermediate schools and, therefore, it may not be said that an intermediate school is an elementary school by definition. Nor are the duties of an intermediate school principal the same as those of an elementary school principal. What is here involved is a discretionary power of the board to increase the salaries of these plaintiffs. An application to review the exercise of that discretion is properly made to the State Commissioner of Education and not to the courts. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur. [49 Misc 2d 344.]

■ CAROL HUCKMEYER, an Infant, by ROBERT HUCKMEYER, Her Father and Natural Guardian, et al., Appellants, v. COUNTY OF NASSAU, Respondent, et al., Defendants.— In a negligence action to recover damages for personal injuries, medical expenses and loss of services, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered June 14, 1965, which *inter alia* granted the motion of defendant County of Nassau insofar as it was for summary judgment dismissing the complaint as to it. Order reversed, with $10 costs and disbursements, and motion denied in all respects. In our opinion, the record discloses triable issues of fact requiring a trial. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.