■ EDWARD I. COHEN et al., Appellants, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered October 21, 1981 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Director of Classification and Compensation of the Department of Civil Service which reclassified the position of appeals legal analyst of the Unemployment Insurance Appeal Board to unemployment insurance referee. In order to comply with the Federal Standards for Appeals Promptness (20 CFR 650 *et seq.*) and the decision in *Dunn v New York State Dept. of Labor* (US Dist Ct, SDNY, July 13, 1979, Duffy, J.), the Division of Classification and Compensation of the Department of Civil Service and the Division of the Budget approved a request of the Director of Personnel of the Department of Labor to have the Grade 21 legal analyst position reclassified to the Grade 25 referee position. In effect, the two positions became merged. Provisions included the rotation of duties of all referees to spend 50% of their time as referees conducting hearings on unemployment insurance claims and 50% of their time as legal analysts (reviewing appeals from referees' decisions and drafting appeal decisions for the appeal board). Incumbents whose duties were not rotated, for whatever reason, would not be reclassified. The sole purpose for the reclassification process was to provide additional employees to perform the analyst duties in order that appeals to the Unemployment Insurance Appeal Board could be heard in a more timely manner to comply with the Federal Appeals Promptness requirements. Since the Federal Government reimburses the State for the full cost of administration, failure to comply with promptness in processing appeals could result in loss of such funds. After exhausting administrative appeals, petitioners (denominated plaintiffs), who are unemployment insurance administrative law judges (formerly called referees), commenced an action seeking a judgment declaring the reclassifications to be unconstitu-

tional, invalid, null and void, and for injunctions, both temporary and permanent, enjoining implementation and enforcement of the reclassifications. Respondents (denominated defendants) moved pursuant to CPLR 3211 to dismiss the complaint on several grounds. Special Term initially granted defendants' motion pursuant to CPLR 103 (subd [c]), converting the action to a CPLR article 78 proceeding to review the determinations made by respondents, and ultimately dismissed the complaint. There should be an affirmance. Petitioners' initial argument that the reclassification of referees and analysts into the single title of referees incorporating the duties of both was arbitrary, capricious and an abuse of discretion, is without merit. Section 118 of the Civil Service Law specifically authorizes the Director of Classification and Compensation to classify and reclassify all positions in the classified civil service of the State and to make such revisions in the classification and compensation of positions as changes in the State service may require. The terms classification and reclassification refer to position classification (Civil Service Law, § 116), which means a grouping together, under common and descriptive titles, of positions that are substantially similar in the character and scope of their duties (Civil Service Law, § 2, subd 11). Petitioners' argument that the positions of referees and analysts encompassed different duties and responsibilities, while superficially correct, overlooks the fact that those appeals legal analysts occupying the reclassified position as unemployment referee, Grade 25, were either former senior unemployment insurance legal analysts, Grade 25, or had passed an examination for unemployment insurance referee and were eligible for appointment to the position of referee, Grade 25, or had passed an examination pursuant to 4 NYCRR 4.2 (b) for such position, and that other former legal analysts were appointed to the trainee lists for referee trainee positions, Grade 21 or 25. Clearly then, persons capable of performing the duties of both referees and legal analysts will indeed be performing those very duties in the new merged position of referee. Nothing in the record substantiates petitioners' argument that former legal analysts will be unqualified to hold the new position of referee, or that former referees will be incapable of performing legal analyst duties (cf. *Matter of Mandle v Brown*, 4 AD2d 283, affd 5 NY2d 51). Consequently, there has been no violation of the "merit and fitness" requirements imposed pursuant to section 6 of article V of the New York State Constitution and section 52 of the Civil Service Law. The determination under attack was not simply a reclassification, but an abolition of the former positions of analyst and referee and a merger of the two into the new title of referee, whereupon a person in such new position would perform the duties of both former positions on a rotating basis. The change was correctly made upon express findings of the Director of Classification and Compensation that management of the business of an agency is reposed in that agency and that the Department of Labor, through the Chairman of the Unemployment Insurance Appeal Board, in making the request based upon valid and compelling reasons, demonstrated both the efficacy and propriety of the reclassification. There is nothing in the record to demonstrate that petitioners have sustained their burden of proving that the powers vested in the director by the Legislature were abused or that the determination was made other than for good-faith administrative and economic reasons (see *Matter of Wipfler v Klebes*, 284 NY 248; *Matter of Aldazabal v Carey*, 58 AD2d 120, affd 44 NY2d 787). This court has held that "[t]he appropriate standard for review of a determination of the Civil Service Commission in an article 78 proceeding is whether the determination was arbitrary or capricious" (*Matter of Adelman v Bahou*, 85 AD2d 862, 863). On this record, we are unable to say that the determination was arbitrary or capricious. Nor is there any merit to petitioners' argument that since the reclassification became effective, respondents

have violated the conditions upon which reclassification was approved by failing to regularly rotate all persons holding the new position to divide their time equally between performing the duties of former referees and former legal analysts, and that, therefore, the reclassification should be nullified. The record contains no evidence to support the prevalence of such condition in New York City. Further, the reclassification expressly envisioned that former referees employed outside New York City would not be assigned to legal analyst work unless circumstances required such assignment. Respondents demonstrated a valid distinction between up-State referees and those in New York City, i.e., all of the functions of the Unemployment Insurance Appeal Board requiring legal analyst work are performed only in the city. Moreover, provision was made to use up-State referees in legal analyst work assignments as the need occurs. Nor is there any substantiation for petitioners' argument that those holding the new position of referee will in any manner be either incapable of, or fail to adequately and properly perform the required functions in either work assignment to the detriment of the Department of Labor or the public which it serves. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.