■ In the Matter of GEORGE ASHENDEN et al., Appellants, v COMMISSIONER OF THE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. — Appeal

from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered May 25, 1983 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioners' motion for summary judgment and, *inter alia,* dismissed the second, third, fourth and fifth causes of action in the petition. ¶ At the time of the State-wide strike by correction officers in 1979, petitioners were·employed at Fishkill Correctional Facility (Fishkill) as teachers, clerical workers and correction officer supervisors. Because of the temporary emergency caused by the strike, petitioners, who were not striking, were ordered to work as correction officers at Fishkill on 12- to 16-hour shifts and to remain at Fishkill for 24 hours a day for the duration of the strike (see, generally, *Van Vlack v Ternullo,* 74 AD2d 827, revd 53 NY2d 1003). During the strike, the Commissioner of the Department of Correctional Services informed petitioners that they would be compensated for the additional time they worked. ¶ After the strike, pursuant to the Laws of 1979 (ch 307, § 52), an "extraordinary compensation plan" was issued. This plan provided that employees who worked during the strike would receive their regular salary plus time and one half for the first 24 hours of overtime they worked, double time for all additional overtime they worked, and straight time for those periods when they were at Fishkill off shift, but on call. The plan also provided that those employees who worked overtime outside their regular positions would receive overtime pay at a rate based on the function they performed, which for some employees was less than their ordinary hourly rate of salary. Petitioners believed this compensation plan was inadequate and commenced this CPLR article 78 proceeding to challenge it. Special Term, *inter alia,* dismissed the second, third, fourth and fifth causes of action of the petition and, from these dismissals, petitioners appeal. ¶ Initially, we note that petitioners are claiming that they were not sufficiently compensated for their work during the strike, not that they were not compensated at all for their work. Indeed, the record indicates that a "typical" petitioner was paid almost $4,000 for the approximately three weeks of work during the strike. Our review of the compensation plan reveals that it appears fair and reasonable on its face, especially when one considers the "typical" payment it produced for work which was, admittedly, not within petitioners' normal expertise and perhaps more dangerous than normally confronted. ¶ With this background, we agree first with Special Term's dismissal of the second and third causes of action. These claims were brought on behalf of those petitioners who were teachers at Fishkill and challenge the amounts and methods used by respondents to calculate these overtime payments. It is apparent that teachers are not normally entitled to overtime of any kind (14 NYCRR 250.1 [c]) and it is only through the authorization provided by the compensation plan that petitioner teachers are entitled to overtime pay at all. Inasmuch as we have above stated that this plan was fair and reasonable, we find no basis upon which petitioner teachers are entitled to complain that they received inadequate compensation because they were credited with insufficient amounts of overtime. ¶ We further agree with the dismissal by Special Term of the fourth cause of action, wherein petitioners challenge their compensation at straight time rather than overtime for the time they were required to stay at the facility on call. Although extra compensation can be paid to a salaried employee for extra work during a public emergency, as occurred herein, without violating subdivision 1 of section 135 of the Civil Service Law (see 1911 Opns Atty Gen 602, 603), there is no amount at which the compensation must be set. Thus, the compensation plan appearing fair and reasonable, we cannot say that petitioners can complain about receiving straight time rather than overtime for the periods when they were on call at Fishkill during the strike. ¶ Finally, we agree with Special Term's dismissal of the fifth cause of action, which sought to

recover additional sums for a "shift differential". Any right to such payments would accrue from petitioners' contracts and, if petitioners have been denied such contractual right, their remedy is to seek reimbursement through procedures established by such contract. ¶ We conclude by noting that we are disturbed by the evidence in the record indicating that employees at other correctional facilities were compensated in a manner akin to that sought by petitioners. The guidelines and rules for the compensation plan, however, are clear and the fact that certain employees might have received compensation in amounts greater than petitioners because of oversight or error is simply insufficient to establish that petitioners were not provided equal pay for equal work. Petitioners performed an invaluable service during a difficult period, have received compensation under a fair and reasonable plan and, on this appeal, have established no basis to recover additional compensation. ¶ Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.