■ In the Matter of ROBERT P. MCGREEVY, Appellant, v CLASSIFICATION REVIEW BOARD OF THE UNIFIED COURT SYSTEM OF THE STATE OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Classification Review Board of the Unified Court System of the State of New York, dated February 24, 1987, which dismissed the petitioner's consolidated appeals from (1) a determination of the Chief Administrative Judge of the Unified Court System of the State of New York dated March 28, 1984, which denied the petitioner's request that the principal appellate law assistant title not be designated as "confidential", and (2) a determination of the Chief Administrative Judge dated March 30, 1984, which denied the petitioner's request to reallocate the title of principal appellate law assistant to a salary grade higher than JG-31, the petitioner appeals from a judgment of the Supreme Court, New York County (Ciparick, J.), dated January 29, 1988, which upheld the determination by the respondent Classification Review Board of the Unified Court System of the State of New York and dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

"Administrative determinations concerning position classifications are of course subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" *(Cove v Sise,* 71 NY2d 910, 912; *see, Matter of Bellacosa v Classification Review Bd.,* 72 NY2d 383, 390). "Where there is a fair and reasonable ground for difference of opinion as to classification, the court will not interfere with the judgment of the administrative body or officer" *(Donegan v Nadell,* 113 AD2d 676, 680-681). Guided by these principles, we conclude that the determination by the Classification Review Board of the Unified Court System of the State of New York upholding the Chief Administrative Judge's allocation of the position held by

the petitioner, principal appellate law assistant, to salary grade JG-31 on the basis of internal comparisons with other and predecessor titles in the legal title series having comparable levels of duties and responsibilities *(cf.,* Judiciary Law § 39 [8] [a]) was neither arbitrary nor without a rational basis. Moreover, inasmuch as the duties and responsibilities of the position entail a relationship of confidence and trust between the employer and employee, principal appellate law assistants being required "to serve in a confidential capacity" and "to handle sensitive matters on a confidential basis", the designation of the position as "confidential" by the Chief Administrative Judge was proper *(see, People ex rel. Flood v Gardiner,* 157 NY 520; *Chittenden v Wurster,* 152 NY 345; *Matter of Holcombe v Gusty,* 51 AD2d 868). Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.