OPINION OF THE COURT
Gerard M. Weisberg, J.
This is claimants’ motion for class certification and defendant’s cross motion for summary judgment. The underlying claim concerns the salary received by trial court clerks in the Unified Court System between April 1, 1977 and February 15, *583 1991. Prior to April 1, 1977, trial court clerks were employed by local governmental units while the appellate court clerks were employed by the State. Both, however, received comparable compensation. In 1976, the Legislature enacted the Unified Court Budget Act (L 1976, ch 966) which, effective April 1,1977, transferred approximately 8,500 locally paid court employees to the State payroll. In addition, it authorized the Administrative Board of the Judicial Conference to adopt a classification structure for all nonjudicial officers and employees of the State based on their duties. Pursuant to constitutional amendment, the Administrative Board was abolished and replaced in November 1977 by the Chief Administrator of the Courts (Chief Administrator). Appeals of the rulings of the Chief Administrator went to a Classification Review Board (Review Board). (See, Matter of Association of Secretaries to Justices of Supreme & Surrogate’s Cts. v Office of Ct. Admin., 75 NY2d 460.)
Thereafter, the Chief Administrator classified the trial court clerks in a lower paying grade than the appellate court clerks. The New York State Court Clerks Association (NYSCCA) appealed to the Review Board. That tribunal agreed that the trial clerks and appellate clerks did basically the same work with an equivalent level of difficulty and responsibility. Therefore, under Civil Service Law § 115 (equal pay for equal work), the Review Board ruled that the salaries should be the same. However, ruling further, that agency found that rather than the court clerks being underpaid, it was the appellate clerks who were being overpaid. The Review Board therefore ordered the Chief Administrator to lower the appellate clerks’ grade. (See, supra, 75 NY2d, at 472-473.)
The NYSCCA then challenged this order in a CPLR article 78 proceeding. Supreme Court confirmed the finding that the trial and appellate clerks’ responsibilities were basically equivalent. (Matter of New York State Ct. Clerks Assn. v Hirnber, Sup Ct, NY County, Jan. 27, 1988.) Justice Kristin Booth Glen annulled the Review Board’s direction to lower the appellate court clerks’ salary grade and directed that the trial clerks’ be raised to the appellate court clerks’ level. The Appellate Division, First Department, affirmed without opinion. (Matter of New York State Ct. Clerks Assn. v Hirnber, 150 AD2d 990.) The Court of Appeals reversed. (75 NY2d 460, supra.) That tribunal agreed there existed a rational basis for the Review Board’s ruling that trial and appellate court clerks should be allocated to the same salary grade. It held, however, *584 that neither the Review Board nor the courts had the authority to make that allocation, such authority residing in the Chief Administrator and therefore remanded that issue to him.
By letter dated February 15, 1991, the Chief Administrator notified the clerks’ union that, prospectively, the appellate clerks’ grade had been lowered to that of the trial clerks. In addition, he declined to make a retroactive adjustment to the trial clerks’ salaries. The Chief Administrator stated that his examination showed that the trial clerks had received an appropriate salary for the work they did, and that an adjustment was fiscally prohibitive.
Thereafter two proceedings were instituted. By a notice of verified petition dated August 23, 1991, NYSCCA commenced a second CPLR article 78 challenge, this time to the Chief Administrator’s ruling of February 15, 1991. In it the union argued that the determination not to raise the salary grade of the trial clerks but to lower that of the appellate clerks was arbitrary and capricious and violated Civil Service Law § 115 and the Equal Protection Clauses of the United States and New York State Constitutions. Inexplicably, it did not challenge the Chief Administrator’s failure to make a retroactive adjustment in salaries. That proceeding is still pending in Supreme Court, New York County, and undetermined.
In addition, by a claim filed and served on August 14, 1991, the above-named claimants commenced a class action in this court.[1] The proposed class, as amended,[2] is all those persons who were employed as court clerks in the Unified Court System during the period from April 1, 1977 to February 15, 1991. It is asserted that this class contains over 1,800 individuals. The claim seeks damages as to all class members as follows: the difference between the salary actually received and the salary of the appellate court clerks between April 1, 1977 or such individual’s hiring date whichever is later, and February 15, 1991. The claim asserts that it accrued on February 15, 1991.
*585 The claimants then moved to certify this class and the defendants cross-moved to dismiss the claim.
As to class certification, CPLR 901 provides:
"a. One or more members of a class may sue or be sued as representative parties on behalf of all if:
"1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;
"2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members;
"3. the claims or defenses of the representative parties are typical of the claims or defenses of the class;
"4. the representative parties will fairly and adequately protect the interest of the class; and
"5. a class action is superior to other available methods for the fair and efficient adjudication of the controversy.” (See also, CPLR 902.)
Here there is a well-defined class, potentially in excess of 1,800 individuals who served as trial clerks during April 1, 1977 to February 15, 1991. There is a question of law common to all, including the class representatives, and which predominates, to wit, whether the past salary differential between the proposed class and the appellate clerks requires a retroactive salary adjustment. A class action is also the superior method for adjudicating this controversy. As to whether the representative parties will fairly and adequately protect the interests of the class, while a question as to this was raised during the prior motion (see, Bertoldi v Crosson, 162 Misc 2d 203, supra), claimants’ counsel has since represented in court that it and the representative clerks recognize that, if certified, they will represent the whole class and not just the NYSCCA membership. I therefore find that this is no longer a problem.
The State, rather than challenging any of the foregoing prerequisites to class certification, objects upon the grounds that, in its view, class actions are not authorized in the Court of Claims, and, in addition, because there is another action pending wherein the legal claim at the heart of this controversy is in issue. As to class actions in this court, defendant argues that they are impermissible because the Court of Claims Act is inconsistent with CPLR article 9. Such inconsistencies are that the Court of Claims Act requires each claimant to be listed in the caption, to verify the claim, and to plead his or her damages individually.
*586 If that were a sufficient argument, however, there would be no class actions in any court because article 9 is just as inconsistent with the rest of the CPLR as it is with the Court of Claims Act. Thus, CPLR 2101 (c) and 3020 require, respectively, each plaintiff in a Supreme Court action to be listed in the caption and, where verification is required, to individually verify. How does one reconcile this with article 9? The obvious answer is that where it applies, article 9 takes precedence over other inconsistent provisions of the CPLR. So too here. In the absence of anything in the Court of Claims Act which prohibits class actions in this court, I hold that they are permissible. (See also, St. Paul Fire & Mar. Ins. Co. v State of New York, 99 Misc 2d 140.)
As to the State’s second argument, that there is another action pending for the same relief, that is factually incorrect. As indicated above, while claimants have pending an article 78 proceeding challenging the Chief Administrator’s prospective grade classification, they have not challenged in that petition his failure to retroactively raise their salaries. In addition, while claimants may have impermissibly split their cause of action (Pauk v Board of Trustees of City Univ. of N.Y., 68 NY2d 702; White v State of New York, 161 Misc 2d 938), in that the article 78 proceeding is still pending, that argument is premature. I therefore find that all the elements for class certification have been satisfied.
As stated above, however, defendant has cross-moved for summary judgment dismissing the claim on the grounds of res judicata and collateral estoppel, a lack of subject matter jurisdiction, a failure to state a cause of action, and that the claim is not timely.
With respect to res judicata and collateral estoppel, the State argues that the present classification plan has already been ruled upon by the Court of Appeals. While this is of course true, if the implication is that that tribunal has approved the Chief Administrator’s February 15, 1991 ruling, that is incorrect. The Court of Appeals reversed and remanded to the Chief Administrator so that he could exercise his discretion, prospectively, to equalize their salary grades. Even more to the point, as to what, if anything, the Chief Administrator should do retroactively, that Court was silent. On remand, the Chief Administrator, after study, then elected to lower the appellate clerks’ grade and not to make a retroactive adjustment in salaries. No court has of yet passed on the propriety of these actions.
*587 Defendant next argues that this court lacks the jurisdiction to review the Chief Administrator’s decision not to make a retroactive adjustment. I agree. Of relevance here, this court’s jurisdiction is limited to awarding damages in tort or contract and not to review discretionary decisions of agencies such as the Chief Administrator. That jurisdiction is vested in the Supreme Court. (Matter of Rye Psychiatric Hosp. Ctr. v State of New York, 177 AD2d 834, lv denied 80 NY2d 751; Lublin v State of New York, 135 Misc 2d 419, affd 135 AD2d 1155, lv denied 71 NY2d 802; Weinfeld v State of New York, 63 AD2d 443, affd on opn below 47 NY2d 743.)
Claimants respond that the Court of Appeals here held that the trial and appellate clerks had to be in the same salary grade. A fortiori, they conclude, a retroactive adjustment is mandated obviating any discretion on the part of the Chief Administrator. Their conclusion is premised on both the Himber reversal and Civil Service Law § 115.
I disagree. As stated above, the Court of Appeals held only that, prospectively, the trial and appellate court clerks had to be in the same salary grade. It said nothing about retroactive adjustments. As to section 115, we finally reach the crux of this matter: Is that provision of the Civil Service Law a statutory mandate, enforceable by litigants, and unwaivable, or only a statement of policy?
In Gladstone v Board of Educ. (49 Misc 2d 344, affd 26 AD2d 838, affd without opn 19 NY2d 1004, cert denied 389 US 976), Justice Benjamin Brenner held that section 115 "merely enunciates a policy and confers no jurisdiction on a court to enforce such policy.” (Supra, at 346 [emphasis in original].) Similarly in Matter of Shattenkirk v Finnerty (97 AD2d 51, affd on opn below 62 NY2d 949), it was stated: "Nor does the principle of equal pay for equal work mandate that such principle must be applied in all cases under any and all conditions.” (Supra, at 57-58.)
The issue then arises, when may section 115 be disregarded? The answer is in the cases: whenever the group which has been favored has received something by oversight or by error. (Matter of Ashenden v Commissioner of Dept. of Correctional Servs., 103 AD2d 924; Matter of Fischer v Roche, 81 AD2d 541, affd on opn below 54 NY2d 962; see also, Cass v State of New York, 58 NY2d 460; Stranger v Crosson, 207 AD2d 878; Edelstein v Crosson, 187 AD2d 694, appeal dismissed 81 NY2d 953, lv denied 82 NY2d 654.)
*588 Here, the Chief Administrator has found as a fact that the trial clerks were fully and fairly compensated between April 1, 1977 and February 15, 1991. Moreover, his decision to lower the salary grade of the appellate clerks can mean nothing other than, relative to the trial clerks, over the same period, they were overpaid. Under the authority cited above, claimants are not entitled to a retroactive adjustment in their salary. (Cf., Gibbons v Unified Ct. Sys., Sup Ct, NY County, Sept. 13, 1991, Lehner, J., index No. 3113/91 [secretaries promoted or paid additional amounts in error do not entitle other secretaries to a retroactive windfall].)
In conclusion, if I have jurisdiction, Civil Service Law § 115 does not entitle claimants to a retroactive adjustment in salary based on the unreversed findings of fact of the Chief Administrator. Therefore, any entitlement to such relief resides wholly within his discretion which I do lack the jurisdiction to review. Based thereon, I need not and do not reach the issue of the timeliness of this claim except to note that, under the claimants’ theory of their case, section 115 was a condition of their employment, and so their cause of action under such view sounds in contract and not tort.
For the foregoing reasons, the claim is dismissed and the motion to certify the class is denied as moot.

. The document actually served and filed was entitled "Notice of Intention to File Claim and Verified Claim”. Pursuant to a stipulation dated December 20, 1991, counsel for the parties deemed this to be a claim.

. In a prior opinion in this matter (Bertoldi v Crosson, 162 Misc 2d 203), I noted what appeared to be an inconsistency between the class proposed in the claim and the damages sought. At oral argument claimants’ counsel stated that the correct proposed class would be those clerks who had been employed as court clerks during the period from April 1, 1977 to February 15, 1991.