[671 NYS2d 798]

In the Matter of BEVERLY KAYE, Respondent-Appellant, v JONATHAN LIPPMAN, as Chief Administrative Judge of the Unified Court System of the State of New York, et al., Appellants-Respondents.

Third Department, April 16, 1998

**APPEARANCES OF COUNSEL**

*Michael Colodner, Office of Court Administration,* New York City (*Kenneth Falk* of counsel), for appellants-respondents.
*Martin B. Schaffer,* Harriman, for respondent-appellant.

**OPINION OF THE COURT**

CREW III, J.

Petitioner began her employment with the Unified Court System on June 6, 1984 as a personal secretary to Judge William Nelson in Family Court, Rockland County, and continued in that capacity until the expiration of Judge Nelson's term of office on December 31, 1984. During that six-month period, petitioner served in the former Senior Secretary to Judge title with a salary grade of JG-17. Upon the expiration of Judge Nelson's term, petitioner apparently secured employment with the Rockland County Department of Social Services. Thereafter, on or about May 8, 1985, petitioner resumed working for Judge Nelson, who apparently had been appointed to County Court, Rockland County. Upon commencing her employment with County Court, petitioner served in the Secretary to Judge title with a salary grade of JG-14.

At the time that petitioner was appointed to her respective positions with Judge Nelson, the title series for Trial Judges' personal secretaries consisted of Secretary to Judge (JG-14) and Senior Secretary to Judge (JG-17). Personal secretaries to Judges serving in the City and District Courts and the smaller Family, County and Surrogate's Courts were assigned the title Secretary to Judge (JG-14), whereas personal secretaries to Judges serving in either the larger Family, County and Sur-

rogate's Courts or Supreme Court or the Court of Claims were assigned the title Senior Secretary to Judge (JG-17).*

In 1988, the Court of Appeals agreed that it was unjust and inequitable to draw a distinction between those employed in the Secretary to Judge title and those employed in the Senior Secretary to Judge title based upon the size of the county-level court in which they worked (see, Matter of Bellacosa v Classification Review Bd. of Unified Ct. Sys., 72 NY2d 383). As a result, in October 1990, new titles for Judges' personal secretaries were adopted pursuant to 22 NYCRR 25.5, classifying all Family, County and Surrogate's Court Judges' secretaries as "Secretary to Judge (JG-14)". In accordance with 22 NYCRR 25.5 (e), no incumbent suffered any diminution in salary as a result of this reclassification. Those individuals already serving in the Secretary to Judge (JG-14) title remained unaffected, as did those incumbents already serving in the Senior Secretary to Judge (JG-17) title, with the latter title "earmarked" and scheduled for eventual abolition. Additionally, Judges' secretaries who previously had served in the JG-17 grade were permitted to apply to be "grandfathered" into the now-earmarked Senior Secretary to Judge title based upon their past experience and reasonable expectation of continued service at that salary level.

In March 1995, petitioner sought reclassification of her position in County Court from Secretary to Judge (JG-14) to Senior Secretary to Judge (JG-17) based upon her six-month period of employment in Family Court, Rockland County, in 1984. Petitioner's application was denied by a designee of respondent Chief Administrative Judge (hereinafter respondent), prompting her to commence this proceeding pursuant to CPLR article 78 to challenge that determination. Specifically, the petition set forth six causes of action, alleging that (1) respondent's denial of petitioner's reclassification request was violative of her right to equal protection under the State and Federal Constitutions (see, US Const, 14th Amend, § 1; NY Const, art I, § 11); (2) petitioner was entitled to counsel fees pursuant to 42 USC § 1988; (3) the continued maintenance of the two-tier classification system for county-level Judges' secretaries was irrational; (4) respondent's denial of petitioner's reclassification request was arbitrary and capricious; (5) petitioner was entitled to be grandfathered into the Senior Secretary to Judge

---

* According to respondent Chief Administrative Judge, the size of the court was determined by annual filings, the number of employees and the number of Judges.

(JG-17) title; and (6) petitioner was entitled to back pay and benefits at the JG-17 level retroactive to October 2, 1990.

Supreme Court dismissed petitioner's first, second, third and sixth causes of action but agreed that respondent's denial of petitioner's reclassification request was arbitrary and capricious. As to remedy, Supreme Court directed that petitioner be reinstated to the Senior Secretary to Judge (JG-17) title retroactive to the date of petitioner's application (March 23, 1995). These appeals ensued.

Contrary to Supreme Court's findings, we are of the view that respondent's determination, although admittedly inartfully drawn, nonetheless provides a rational basis for the denial of petitioner's request for reclassification. In denying petitioner's request, respondent's designee observed that the position currently held by petitioner in County Court was a JG-14 position both prior to and following the reclassification that occurred in October 1990. As such, respondent's designee reasoned, the reclassification and corresponding adoption of the new title standards had no effect or adverse impact upon petitioner's title or salary expectations—notwithstanding her brief period of employment in Family Court at the JG-17 level. Stated another way, petitioner's six-month period of employment at the JG-17 level in Family Court did not provide her with a reasonable expectation of continued service at that salary and grade level once she accepted employment in what was and always had been a JG-14 position in County Court. While it is true, as Supreme Court noted, that respondent did not undertake an exhaustive discussion of the various criteria that distinguished petitioner's service at the JG-17 level from that of her grandfathered counterparts, the basis for respondent's denial may be gleaned from a fair reading of the March 14, 1996 determination. As respondent's determination was rational, it will not be disturbed.

Turning to petitioner's cross appeal, we find her contention that she was denied equal protection under the State and Federal Constitutions (see, US Const, 14th Amend, § 1; NY Const, art I, § 11) to be unavailing. In contending that she is entitled to the same title, grade and salary as her grandfathered counterparts, petitioner simply ignores the fact that such disparities may exist provided there is a rational basis for such treatment (see generally, Weissman v Evans, 56 NY2d 458, 464-466; Buckley v Crosson, 202 AD2d 972, 973). Here, the expressed rationale for the grandfathering process is set forth in respondent's affidavit, wherein he avers that certain

secretaries were grandfathered into the now-earmarked Senior Secretary to Judge (JG-17) title "based either upon their existing service in that former title or upon a reasonable expectation that they would continue to serve as a secretary at the JG-17 level because of their previous secretarial service at that level in the same court". We find the distinctions drawn by respondent to be entirely rational and, as the record discloses that petitioner's employment history with the Unified Court System was not comparable to that of her grandfathered counterparts, we conclude that she has not been denied equal protection. Having found no equal protection violation, it necessarily follows that petitioner is not entitled to counsel fees under 42 USC § 1988. Petitioner's remaining contentions have been examined and found to be lacking in merit.

MIKOLL, J. P., YESAWICH JR., PETERS and CARPINELLO, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted petitioner's fourth and fifth causes of action; said causes of action are dismissed; and, as so modified, affirmed.