■ In the Matter of NEW YORK STATE COURT CLERKS ASSOCIATION, Appellant, v MATTHEW T. CROSSON, Respondent. [703 NYS2d 469] —Order and judgment (one paper), Supreme Court, New York County (Richard Lowe, III, J.), entered February 22, 1999, which denied and dismissed the petition pursuant to CPLR article 78 challenging the classification of New York State court clerks, unanimously affirmed, without costs.

Bearing in mind that the Chief Administrator of the Courts possesses broad classification and allocation authority, which "power lies at the heart of the [Chief Administrator's] authority to administer the unified court system" (*Matter of Bellacosa v Classification Review Bd. of Unified Ct. Sys.*, 72 NY2d 383, 391), and that "[a]dministrative determinations concerning position classifications * * * will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" (*Cove v Sise*, 71 NY2d 910, 912; *see also, Matter of Association of Secretaries to Justices v Office of Ct. Admin.*, 75 NY2d 460, 468), we conclude that the instant petition challenging respondent's classification of court clerks was properly dismissed. The determination that the existing trial court clerk titles should remain unchanged was entirely rational, having been based upon an extensive review of the trial and appellate-level court clerk titles for the purpose of establishing joint salary scales. Also rationally based and in accord with law and established practice was the determination that permanent incumbent appellate court clerks whose titles had been reclassified downward by reason of the challenged court clerk classification should be grandfathered so as to protect their salaries. Grandfathering permanent incumbents in the context of a downward reclassification of their titles is an accepted

practice that effectuates the mandate of Civil Service Law § 121 (2) (a) that "the annual salary of any position * * * which is classified or reclassified, or which is allocated or reallocated to a salary grade pursuant to the provisions of this article shall not be reduced for the then permanent incumbent by reason of any provision of this article so long as such position is held by the then permanent incumbent" (*see also*, 22 NYCRR 25.5 [e]; *see also*, *Matter of Kaye v Lippman*, 241 AD2d 159).

Contrary to petitioner's contention, grandfathering, in the present context, although productive of some transitional salary inequities, is nonetheless a rationally justifiable means of facilitating the orderly implementation of the Classification Plan, and, as such, does not offend due process, particularly since "in matters concerning the State's budget, equal protection does not require that all classifications be made with mathematical precision" (*Matter of Tolub v Evans*, 58 NY2d 1, 8).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Wallach, Saxe and Friedman, JJ.