■ ANTHONY P. BERTOLDI et al., Appellants, v STATE OF NEW YORK, Respondent. [712 NYS2d 113] —Orders, Court of Claims, New York County (Gerard Weissberg, J.), entered March 17, 1995, which granted defendant's cross motion for summary judgment dismissing the claim and denied claimants' motion for class certification, unanimously affirmed, without costs.

This action arises out of a pay dispute in which the New York State Court Clerks Association and other clerks employ d

by the court system (trial clerks) appealed their classification and salary allocations to the Chief Administrative Judge (CAJ) upon the ground that appellate court clerks had been placed in a higher salary grade. The CAJ denied the appeal, but a Classification Review Board determined that the trial clerks and appellate clerks were basically engaged in the same type of work with equivalent difficulty, and that they were therefore entitled to equal pay.

After four CPLR article 78 proceedings challenging various aspects of the administrative orders were consolidated, and a subsequent appeal of the ensuing judgment, the Court of Appeals, in *Matter of New York State Ct. Clerks Assn. v Himber* (75 NY2d 460), determined, *inter alia*, that the CAJ was not limited to the remedy of upgrading the salary grades of the trial clerks, as there was nothing to prohibit the reallocation of the appellate clerks to the trial clerks' salary grade. By letter dated February 15, 1991, the CAJ determined that the trial clerks' salary grade was appropriate for all of the titles. The trial clerks subsequently commenced this action seeking to recover the salary differential for the approximately 14 years the appellate clerks received a higher salary.

Initially, we disagree with the conclusion of the Court of Claims that it lacked subject matter jurisdiction over this action. It is well settled that the Court of Claims has exclusive jurisdiction over actions for money damages against the State, State agencies, or State officials acting in their official capacities in the exercise of governmental functions (Court of Claims Act § 9 [4]; *Morell v Balasubramanian*, 70 NY2d 297, 300; *Sinhogar v Parry*, 53 NY2d 424, 431; *Martin v Lanigan*, 150 AD2d 899). Claims seeking money damages which arise out of actions and determinations made by State officials acting in their official roles are, in essence, actions against the State, for the State is the real party in interest (*Thomas v Tarpley*, 268 AD2d 258).

Turning to the merits of this matter, we find claimants' argument that they are entitled to retroactive pay pursuant to Civil Service Law § 115 to be unavailing. The principle of equal pay for equal work need not be applied in all cases under any and all circumstances (*Matter of Shattenkirk v Finnerty*, 97 AD2d 51, 57-58, *affd on opn below* 62 NY2d 949; *Matter of Altruda v Forysthe*, 184 AD2d 881, 883, *lv denied* 80 NY2d 759; *Gladstone v Board of Educ.*, 49 Misc 2d 344, 346, *affd* 26 AD2d 838, *affd* 19 NY2d 1004, *cert denied* 389 US 976 [Civil Service Law § 115 "enunciates a *policy* and confers no jurisdiction on a court to enforce such policy" (emphasis in original)]). Further,

where, as here, a discrepancy in pay is due to oversight or error, it is simply "insufficient to establish that [claimants] were not provided equal pay for equal work" (*Matter of Ashenden v Commissioner of Dept. of Correctional Servs.*, 103 AD2d 924, 926).

We also find unavailing claimants' argument that they were denied equal protection under the New York State and United States Constitutions (*see*, US Const 14th Amend; NY Const, art I, § 11). It has been held that the two clauses afford equal breadth of coverage (*see*, *Dorsey v Stuyvesant Town Corp.*, 299 NY 512, *cert denied* 339 US 981; *Matter of Shattenkirk v Finnerty*, 97 AD2d 51, 55, *affd on opn below* 62 NY2d 949, *supra*), and apply to compensation controversies (*Matter of Abrams v Bronstein*, 33 NY2d 488, 492). In this matter, since we are not concerned with a fundamental right or a suspect class, the standard of judicial review is whether the challenged action bears a rational relation to a legitimate government interest (*Matter of McDermott v Forsythe*, 188 AD2d 173, 175; *Matter of Shattenkirk v Finnerty*, *supra*, at 55; *see also*, *Frontiero v Richardson*, 411 US 677), and it is well settled that in matters concerning the allocation of the public fisc, the courts are to refrain from reviewing the wisdom or propriety of such decisions (*Matter of McDermott v Forsythe*, *supra*, at 175). Here, the decision not to award claimants the pay differential had a rational relationship to a legitimate state interest in view of the high cost involved and the limited ability of the court system to absorb such within its existing budget. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Ellerin and Friedman, JJ.