In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Appellant, v STATE OF NEW YORK UNIFIED COURT SYSTEM et al., Respondents. [825 NYS2d 822]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered March 31, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to

CPLR article 78, to review a determination of respondents reclassifying certain court clerk positions.

Historically, the only significant difference in job descriptions between a senior court clerk (JG-21) and a court clerk (JG-18) is that the former was responsible for supervising uniformed security personnel in the courtroom. In most counties in the Third and Fourth Judicial departments, courtroom security was provided on a contract basis with local law enforcement which was responsible for supervision, not the court clerk. Gradually, respondent Unified Court System (hereinafter UCS) replaced local law enforcement with its own court officers in a number of counties in these departments. Where that occurred, court clerks (JG-18) were reclassified as senior court clerks (JG-21) because of the added supervisory duties. In 2004, respondents reclassified the court security title series, relieving senior court clerks of the responsibility for supervising uniformed security personnel in the courtroom as this duty was reassigned to the title NYS court officer-sergeant (JG-19). As a result, the Office of Court Administration announced that incumbent court clerks (JG-18) in the Third and Fourth Judicial departments would no longer be reclassified as senior court clerks (JG-21) in those counties where UCS personnel provided security.

Petitioner brought this CPLR article 78 proceeding seeking an order to compel respondent Chief Administrative Judge to reclassify court clerks (JG-18) to senior court clerk (JG-21) in those counties in these two departments where the UCS has assumed direct responsibility for courtroom security. Following Supreme Court's dismissal of the petition, this appeal was perfected. Here, petitioner argues that the decision to cease upgrading court clerks to senior court clerks was not only arbitrary and capricious and without a rational basis, but it was also made in violation of Civil Service Law § 115. We disagree and affirm.

When a classification decision is made, "[t]he courts have the power to reverse or modify a particular classification . . . [only] if it is 'wholly arbitrary or without any rational basis' " (*Matter of Association of Secretaries to Justices of Supreme & Surrogate's Cts. in City of N.Y. v Office of Ct. Admin. of State of N.Y.*, 75 NY2d 460, 476 [1990], quoting *Cove v Sise*, 71 NY2d 910, 912 [1988]; *see Matter of New York State Ct. Clerks Assn. v Crosson*, 269 AD2d 335, 335 [2000]). So long as the classification determination has a rational basis, this Court may not disturb it even if there are legitimate grounds for a difference of opinion (*see Matter of McGreevy v Classification Review Bd. of Unified Ct. Sys. of State of N.Y.*, 154 AD2d 678, 678 [1989], *lv denied* 75 NY2d 707 [1990]).

Petitioner's principal argument is that the decision to eliminate the position of senior court clerk in the Third and Fourth Judicial departments, while retaining the position in the First and Second Judicial departments, has no rational basis because now that court officer-sergeants supervise courtroom security personnel, there exists no difference in the job duties of court clerks upstate and senior court clerks downstate. Despite this argument, a legitimate rational basis exists. CPL 2.10 (21) (b) designates court clerks of the UCS in the First and Second Judicial departments as peace officers. As such, they receive 35 hours of peace officer training and must attend 56 hours of firearms training* which allows them to provide backup to uniformed security personnel. Petitioner argues that the additional duties expected of peace officers are not relevant as they are not mentioned in the senior court clerk title standard. We are unpersuaded. Repeating in the job standard what has been conferred by the Legislature would be unnecessary. In addition, petitioner's argument that peace officer responsibilities and training are meaningless as it is unlikely that senior court clerks will be called upon to provide backup to uniformed courtroom security is not determinative. Duties required from title classifications need only be performed "as the need occurs" (*Cohen v New York State Civ. Serv. Commn.*, 90 AD2d 884, 886 [1982]).

We also reject petitioner's argument that the reclassification violates Civil Service Law § 115, which provides that it is "the policy of the state to provide equal pay for equal work." First, "the courts have repeatedly held that [Civil Service Law § 115] merely enunciates a *policy* and confers no jurisdiction on a court to enforce such policy" (*Gladstone v Board of Educ. of City of N.Y.*, 49 Misc 2d 344, 346 [1966], *affd* 26 AD2d 838 [1966]). Second, "[t]he principle of equal pay for equal work need not be applied in all cases under any and all circumstances" (*Bertoldi v State of New York*, 275 AD2d 227, 228 [2000], *appeal dismissed* 95 NY2d 958 [2000], *lv denied* 96 NY2d 706 [2001]). Again, petitioner premises this argument on its belief that the peace officer status for senior court clerks is meaningless and that the clerical duties of both titles are identical. Again, we disagree that the status is meaningless, and we therefore find that senior court clerks and court clerks do not provide equal work.

Peters, J.P., Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Firearms training is required only for those individuals who opt to carry a firearm.