In a proceeding pursuant to CPLR article 78, inter alia, to compel the Chief Administrative Judge of the Courts of the State of New York to reclassify the petitioners Kevin Anderson, Martin D’Amico, Joseph Cecora, and Kenneth M. Little from the title of New York State Court Officer-Major I (Judicial Grade-26) to the title of New York State Court Officer-Major II (Judicial Grade-28), the appeal, by permission, is from an order of the Supreme Court, Nassau County (Adams, J.), dated January 23, 2012, which granted the amended petition and remitted the matter to the Chief Administrative Judge of the Courts of the State of New York for further proceedings.
Ordered that the order is reversed, on the law, with costs, the amended petition is denied, and the proceeding is dismissed on the merits.
When a classification decision is made, “[t]he courts have the power to reverse or modify a particular classification . . . [only] *764 if it is ‘wholly arbitrary or without any rational basis’ ” (Matter of Association of Secretaries to Justices of Supreme & Surrogate’s Cts. in City of N.Y. v Office of Ct. Admin. of State of N.Y., 75 NY2d 460, 476 [1990], quoting Cove v Sise, 71 NY2d 910, 912 [1988]; see Matter of New York State Ct. Clerks Assn. v Crosson, 269 AD2d 335, 335 [2000]). So long as the classification determination has a rational basis, a court may not disturb it even if there are legitimate grounds for a difference of opinion (see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v State of N.Y. Unified Ct. Sys., 55 AD3d 1070 [2008]; Matter of McGreevy v Classification Review Bd. of Unified Ct. Sys. of State of N.Y., 154 AD2d 678, 678 [1989]; Donegan v Nadell, 113 AD2d 676, 680-681 [1986]).
Contrary to the Supreme Court’s determination, the record established a rational basis for the distinction between the positions of New York State Court Officer Major I (Judicial Grade [hereinafter JG]-26) (hereinafter Major I) and New York State Court Officer Major II (JG-28) (hereinafter Major II) (see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v State of N.Y. Unified Ct. Sys., 35 AD3d 1008, 1010 [2006]; Matter of Rayner v Sinnot, 241 AD2d 601, 602 [1997]). As set forth in the title standards, a Major I “coordinates” security activities of a court under the supervision of a Security Coordinator (JG-28), who in turn reports to the District Executive and the Administrative Judge. In contrast, a Major II “is directly responsible for all security operations of the court,” and reports directly to the Supreme Court Chief Clerk. Even though there is an overlap in duties, the added managerial aspect provides a rational basis for distinguishing between the two positions (see Matter of Bertoldi v Rosenblatt, 167 AD2d 237, 238 [1990]).
In light of our determination, we need not reach the parties’ remaining contentions. Eng, EJ., Dickerson, Lott and Miller, JJ., concur.