Ajoku v New York State Off. of Temporary & Disability Assistance (2021 NY Slip Op 05394)





Ajoku v New York State Off. of Temporary & Disability Assistance


2021 NY Slip Op 05394


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Index No. 159104/18 Appeal No. 14321 Case No. 2020-02370 

[*1]Chijioke Ajoku, Plaintiff-Appellant,
v
New York State Office of Temporary and Disability Assistance, et al. Defendants-Respondents.


Maduegbuna Cooper LLP, New York (William W. Cowles, II of counsel), for appellant.
Letitia James, Attorney General, New York (Blair J. Greenwald of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about February 24, 2020, which granted defendants' CPLR 3211 motion to dismiss to the extent of dismissing plaintiff's claims under the New York City Human Rights Law (City HRL), for national origin discrimination under the New York State Human Rights Law (State HRL), and for violation of Civil Service Law (CSL) § 75-b, unanimously modified, on the law, to deny defendants' motion to dismiss the amended complaint's first cause of action for national origin discrimination and the third cause of action for aiding and abetting discrimination, and reinstate those causes of action, and otherwise affirmed, without costs.
The amended complaint's 13th cause of action asserts a claim against defendant New York State Office of Temporary and Disability Assistance (OTDA) for retaliatory whistleblower termination pursuant to CSL 75-b. However, claims under CSL 75-b are committed to the exclusive jurisdiction of the Court of Claims (see NY Const, art VI, § 9; Court of Claims Act §§ 8-9; Bertoldi v State of New York, 275 AD2d 227, 228 [1st Dept 2000], appeal dismissed 95 NY2d 958 [2000], lv denied 96 NY2d 706 [2001]; Schaffer v Evans, 86 AD2d 708, 709 [3d Dept], affd 57 NY2d 992 [1982]. Accordingly, the motion court properly severed and dismissed that cause of action for lack of subject matter jurisdiction (see Wang v New York State Dept. of Health, 33 Misc 3d 1038, 1043 [Sup Ct, Albany County 2011]).
The motion court likewise properly dismissed the City HRL claims, on the ground of sovereign immunity and lack of subject matter jurisdiction (see Jattan v Queens Coll. of City Univ. of N.Y., 64 AD3d 540, 542 [2d Dept 2009]). Nor has plaintiff identified any independent duty on the part of defendant Deputy Commissioner Cheryl Contento to him, outside of the City HRL, which could serve as a vehicle for holding the State "secondarily liable for the tortious acts under respondeat superior" (Morell v Balasubramanian, 70 NY2d 297, 301 [1987]).
The amended complaint states a cause of action for national origin discrimination against defendants OTDA and Contento (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 and n 3 [2004]; Matter of Local 621 v New York City Dept. of Transp., 178 AD3d 78, 81 [1st Dept 2019], lv dismissed 35 NY3d 1106 [2020]). Liberally construing the complaint, presuming its factual allegations to be true, and according it the benefit of every possible favorable inference (see Doe v Bloomberg, L.P., 36 NY3d 450, 454 [2021]; Anderson v Edmiston & Co., Inc., 131 AD3d 416 [1st Dept 2015]), the complaint asserts that Contento was aware of a long chain of discrimination against plaintiff and condoned it. It can also be inferred that Contento was aware of plaintiff's national origin, and condoned the continuing discrimination and concurrent retaliation against him, culminating in the ultimate adverse action of termination of employment (see Clayton v Best Buy Co., Inc., 48 [*2]AD3d 277, 277 [1st Dept 2008]). Accordingly, we reinstate the amended complaint's State HRL cause of action for national origin discrimination against OTDA and Contento and the accompanying aiding and abetting discrimination claim against the individual defendants. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021